## BRUNER v. BURCH, Adm'r.

No. 26411. Feb. 2, 1937.

Thos. J. Horsley and Hicks Epton, for plaintiff in error.

Anglin & Stevenson, Vernon Roberts, and H. W. Carver. for defendant in error.

PHELPS, J. This suit was filed in the form of an action for an accounting, but at the hearing it was stipulated that the only issue to be determined was whether the defendant was indebted for an item of $2.000 which he had obtained from plaintiff's intestate during the early part of the year 1928 or the last of December, 1927. The evidence was restricted to that issue, except as to the date the money was received. and the trial resulted in a judgment for plaintiff for $2,000, based upon the finding by the trial court:

"That during the month of **August, 1927,** Nancy Bruner lent to T. J. Bruner the sum of $2,000, which said sum has not been paid, and that by reason thereof the plaintiff is entitled to a judgment against the said T. J. Bruner for the sum of $2,000 with interest from the first day of **September, 1927,** until paid, at the rate of 6% per annum, together with costs of this action."

T. J. Bruner, the defendant, appeals. One of the propositions urged by him is that the cause of action was barred by limitations, and with that proposition we agree.

The question of when the period of limitation begins to run in an action for an accounting is not in the case. Having stipulated that the issue to be determined involved only the $2,000 item, the parties are bound thereby. While the issues in a case are as a general rule confined to the pleadings, the parties by consent may either narrow or enlarge the issues made by the pleadings, and having done so, they are bound thereby. Cooke v. Southwest Petroleum Co., 177 Okla. 459, 61 P. (2d) 16. Furthermore, the evidence and the form of the judgment relate only to one specific item of indebtedness, incurred and fixed by the judgment at a definite time, and it is obvious that we must be guided thereby in discussing the particular period of limitation applicable and the principles pertaining thereto. The finding is that there was a **loan,** and the judgment is based on the loan.

By the evidence and the stipulation the relief sought, and the judgment obtained, was in redress of violation of an oral implied contract. The limitation period is three years. Section 101, 2d subd., O. S. 1931. The finding was that the loan was made in August of 1927, it was due September 1, 1927. Therefore, normally, the debt would have been barred after September 1, 1930. This action was filed on August 9, 1932.

To bridge that gap the plaintiff relies on the principle of tolling. He says that the relationship of principal and agent existed between the lender, Nancy Bruner, and the defendant for many years prior to her death on January 20, 1930; that Nancy Bruner thus placed a fiduciary confidence in her agent, the defendant, and that therefore the statute did not begin to run until her death. The evidence reveals defendant did act as agent for Nancy Bruner in three or four transactions, but this loan had nothing whatsoever to do with that agency. There is no relationship between the two at all. If in the first place it can be called a loan, the fact remains that it was purely a personal transaction between the two of them, in no manner connectable with the subject matter of the agency or the activities of the defendant as agent. It was found by the trial judge to have been a loan. The correctness of the finding as to the date thereof is not before us. We proceed on the assumption that it was due from the date of the

transaction, for such was the theory of plaintiff in the trial court, and in the brief it is still his theory unless a demand was necessary by reason of the relationship of principal and agent. If a failure to account to her for money had been adjudged, or a misfeasance in the agency, we would have a different question, but it appears self-evident that in the absence of fraud or concealment the mere relationship of principal and agent is not sufficient to toll the statute in favor of enforcement of some obligation not connected with the agency.

Alternately, the plaintiff points out that defendant was appointed joint executor of Nancy Bruner's estate shortly after her death (January 20, 1930) and continued so to act until June 25, 1931, when he resigned, and urges that the running of limitations was suspended during that period. Without passing upon that question, it is sufficient for the purposes of the case to observe that, even so, the action was filed out of time. From September 1, 1927, when the cause of action accrued, until August 9, 1932, when the action was filed, was four years, eleven months, and eight days. From the date of Nancy Bruner's death (even if defendant had been appointed joint executor on that date), which was January 20, 1930, until his resignation on June 25, 1931, was one year, five months, and five days. Subtracting the latter period from the former still leaves three years, six months, and three days, which is of course in excess of the three-year period of limitation.

The judgment is reversed and the cause is remanded, with directions to enter judgment for the defendant.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur. RILEY, BUSBY, and GIBSON, JJ., absent.