EDWARD E. JENKINS, JR., ASSIGNEE OF PAUL S. JONES COMPANY, INC., PLAINTIFFS-RESPONDENTS, v. DEVINE FOODS, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Argued November 21, 1949—Decided January 9, 1950.

*Mr. Thomas McNulty* argued the cause for respondents (*Messrs. Milton, McNulty & Augelli,* attorneys).

*Mr. Robert R. Daly* argued the cause for appellant. *Mr. Galen B. Hall,* on the brief (*Messrs. Brady & Daly* attorneys).

The opinion of the court was delivered by

CASE, J. The case was certified from the Appellate Division list of causes on our own motion. The question for decision goes to the extent and effect of the pre-trial order.

Edward E. Jenkins, Jr., assignee, sued to recover on a claim growing out of the shipment by the defendant to Paul S. Jones Company, Inc., which we shall call the plaintiff, and the return to the shipper of a part thereof as defective and unmarketable. Defendant answered and plaintiff replied. Thus the pleadings developed issues. Following the pre-trial conference the court signed this order:

"This is an action arising out of an alleged breach of contract, plaintiff charging that before discontinuance of an agreement between the parties with reference to the distribution of Devine Plastic Ware, another agreement was entered into in writing on August 12, 1947,

under the terms of which plaintiff returned defective merchandise and defendant issued credit memorandum No. 3 in the sum of $2,216.97 and credit memorandum No. 4 in the sum of $3,451.80; said agreement further providing that credit was to be paid by monthly deduction from payments to become due for future shipments; that certain conditions with respect to shipments would be corrected, and that the goods shipped would not be defective.

"Plaintiff charges that the actual amount due at the time of the issuance of the credit memoranda was $8,379.92, against which a credit should be allowed of $2,816.10 and a further allowance should be made in the sum of $442 for advertising, leaving a balance of $5,121.82 allegedly due and owing.

"Plaintiff charges that defendant breached the agreement, in that the goods were improperly shipped and that the goods were defective, so that plaintiff was forced to discontinue business relations with defendant and thus was prevented from using the credit memoranda previously issued.

"Defendant denies any breach of agreement and maintains that it complied with the same in all respects and has in no manner prevented plaintiff from using the credit memoranda issued and that it is and has been at all times, ready, able and willing to perform.

"It is stipulated by counsel that all exhibits referred to in the pleadings may be admitted in evidence without formal proof.

"Trial date, June 21, 1949."

Judgment on jury verdict went to the plaintiff.

At the close of plaintiff's opening to the jury defendant moved to dismiss upon the ground that by the pre-trial order plaintiff was confined to the proposition that the defendant had prevented plaintiff from utilizing the credit memoranda and that the opening disclosed no facts pertinent to that issue. It was contended by plaintiff: "A pre-trial order, if your Honor please, as I understand, has no magic about it. It is just a try to narrow the thing down for trial." The court observed: "The pre-trial order was that the issues to be determined resolved around whether or not you (addressing counsel for plaintiff) were able to use the credit, your contention being that you could not because the merchandise was defective and that you could not accept deliveries." The court, however, denied the motion in these words: "We will hear what the facts are, and I will deny the motion. Let us hear the facts and determine it." The trial proceeded, and in the course of plaintiff's case it was testified by the witness Jenkins, treasurer of the plaintiff company:

"Q. Has Devine Foods, Inc., prevented your company from taking merchandise in accordance, as suggested in the memorandum of August 12th, 1947?

"A. They have not prevented, but it would be to our disadvantage to accept merchandise in settlement of that credit."

At the close of plaintiff's case defendant again moved to dismiss upon the ground that plaintiff had failed to make out a *prima facie* case in that it had not shown that it was prevented from using the merchandise credit; to which plaintiff replied:

"Just because a pretrial order is in this case, which counsel answers and says there is only one issue there, that does not mean to say that is the only issue before this court. The issue before this court is whether this man is entitled to get the benefit of that credit memorandum in cash or in merchandise; and it seems to me your Honor having let in evidence that interpretation of the contract of August 12th, it now becomes a question for the jury, and it went in without any objection on his part."

The court considered that there was enough to put the defendant to its defense and that it would hear "what the story is." Defendant put in its case, weighing the contention that it was ever ready, willing and able to deliver the merchandise, and at the close moved for judgment upon the ground, consistent with its contentions throughout the trial, that the pre-trial order was controlling upon the issues of the trial and that the sole question for decision was whether the defendant had prevented the plaintiff from utilizing the merchandise credit. The motion was denied. The court put the case to the jury in a charge which left the jury free to decide the case upon issues other than stated in the pre-trial order but which contained this language:

"The proposition that you have to determine is not so difficult as you may have been led to believe by reason of the rather nebulous testimony; it is a very simple question, and I think it is only fair to say that at the time of the pre-trial conference—that is, a conference held under the new Rules recently adopted for the guidance of the court—it was understood and agreed that the sole issue in this case had to do with the interpretation of the credit memoranda issued in the case, and which are in evidence and which you will have the opportunity to read. It was agreed at that time the credit

memoranda had been issued; in other words, that the Jones Company was to have credit for an amount in the neighborhood of $5,000 in question here today, and the provision of the memoranda was that the payment or the credit was to be extended by deducting one-twelfth, that is, each month one-twelfth of the credit memoranda would be deducted from the amount of the bill which was due and owing by Jones to the Devine Corporation, the contemplation being that the parties would continue their relationship, and that Jones would continue to buy these plastic materials from Devine and that he would take that credit, one-twelfth every month, and that one-twelfth credit would be deducted from the amount of the current bill. It was agreed at the pre-trial conference that that was the issue, the plaintiff, the Jones Company, at that time contending that they had been deprived of the credit because they were unable to take it, and that they were unable to take the credit, and were prevented from taking it by reason of the action of the Devine Company.

"Now, apparently that theory has been abandoned in the trial here today because the witnesses for the plaintiff—all of them, as far as I can recall it, to whom the specific question was put at least; all of them said they were not in any way prevented from taking this credit. The question now raised by them is that they did not want the credit in merchandise, that they wanted the credit in cash; and that is quite a different theory than the theory upon which the case was ultimately set down for trial."

We have given the court's remarks at some length and with some particularity because they confirm our view that the trial, from beginning to end, disregarded the potency of the pre-trial order.

     *Rule* 3:16 sets up the pre-trial procedure. It requires that in every contested action, except an action for divorce or nullity of marriage or an action brought in a summary manner under *Rule* 3:79, there shall be a conference in open court to consider the simplification of the issues, and the other matters there enumerated or referred to, and that the court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel, which order shall be signed by the court and the attorneys for the parties. The rule as it was at the time of this trial further provided that the order, when entered, should control the subsequent course of action, unless modified at

the trial to prevent manifest injustice. The order in the instant case was such an order, signed by the court and counsel and entered. It reserved no issue presented by the pleadings and not restated in the order. It was not modified either before or during the trial, and consequently controlled the course of the trial. The fact that plaintiff was permitted, contrary to the reiterated contention by the defendant, to pursue a course at the trial which did not accord due credit to the order may not be taken as a modification of it, else mere disregard of the order by one party, or by one party and the trial court, would amount to a nullification of it. Modification must be attended by a degree of directness and formality appropriate to a court order of such magnitude that from the time of its entry it "controls the subsequent course of action."

The order was not artistic in its provisions, but, having in mind that one of its primary purposes was to limit the issues for trial, we read from it that plaintiff and defendant had made an agreement whereunder plaintiff returned defective merchandise for which it received two credit memoranda, these credits to be paid by monthly deduction from payments to become due for future shipments; that certain conditions with respect to shipments would be corrected, and that the goods shipped would not be defective; that a balance of $5,121.82 was allegedly due and owing; that defendant breached the agreement, in that the goods were improperly shipped and that the goods were defective so that plaintiff was forced to discontinue business relations with defendant and thus was prevented from using the credit memoranda; and that defendant denied the breach and denied preventing plaintiff from using the credit memoranda. Upon that issue, as noted above, plaintiff's testimony was that the defendant had not prevented plaintiff from taking the merchandise, but that it would be to plaintiff's disadvantage to accept merchandise in settlement. The case as put in and sent to the jury was, we consider, a variance from the terms of the order and from the interpretation given to the order by trial court and counsel.

▮ Our *Rule* 3:16 was framed upon Federal *Rule* 16; but our rule makes the pre-trial conference mandatory whereas the federal rule leaves it within the discretion of the court. Each rule states that one of the objectives is the simplification of the issues. The comments published with the widely-circulated tentative draft of our rules preliminary to final redraft and adoption noted that "the pre-trial order not only recites the action taken at the conference, but limits the issues," citing in support *Burton v. Weyerhaeuser Timber Co., D. C.,* 1 *F. R. D.* 571, 4 *F. R. S.* 319, and that comment reflects our view. "The purpose of the pre-trial conference is to simplify the issues, amend the pleadings where necessary, and to avoid unnecessary proof of facts at the trial." *McDonald v. Bowles,* 152 *F.* 2d 741 (*Circ. Ct. of Appeals, Ninth Circ.* 1945). A court should give no instruction to the jury which would nullify the effect of a pre-trial order or be inconsistent with the issues as framed in such order. *Cf. Bryant v. Phoenix Bridge Co.,* 43 *Fed. Supp.* 162 (*Dist. Ct., District of Maine, S. D.,* 1942). The participants in a pre-trial conference should adhere to the spirit of that procedure and be held to waive questions not there presented. *Frank v. Giesy,* 117 *F.* 2d 122 (*Circ. Ct. of Appeals, 9th Circ.,* 1941). Modification may be had at the trial to prevent manifest injustice, but the modification should be by direction and not by indirection. Full effect was not given to the pre-trial order.

In our opinion the trial court erred in refusing to dismiss and in denying defendant's motion for judgment.

▮▮ A secondary point presented by the respondent is that the defendant's appeal was not taken within forty-five days from the entry of judgment (*Rules* 1:2–5, 4:2–5, 4:1–10, 1:7–9) and that therefore the court is without jurisdiction to entertain the appeal. The conclusion would be sound if the premise were correct. The facts are that judgment was entered on June 27, 1949; notice of appeal was served on July 5, 1949, and filed on August 1, 1949; there followed futile efforts by appellant to have the parties agree to a statement in lieu of record; on August 9th the defendant asked the court stenographer to prepare a transcript; on the same

day the defendant prepared an amended notice of appeal, which recited that inasmuch as the defendant had not made demand upon the stenographic reporter for copies of the transcript on or before the date of filing the first appeal (*Rule* 1:2–4d), it was giving, then, notice of appeal; acknowledgment of the service of the latter notice was received by defendant on August 11th; such notice was mailed to the clerk's office where it was received and filed on August 12th, one day later than the forty-five day limit for filing notices of appeal. The rule that the appellant shall make demand for transcript on or before filing the notice of appeal is relaxable. For sufficient cause shown compliance with that rule in this case is waived. Thus the notice of appeal filed on August 1st becomes good. It was filed within time.

It is to be noted that the trial was had prior to the changes in *Rule* 3:16, acomplished by the amendment promulgated December 19, 1949, which somewhat altered the exclusive control placed in the order over the subsequent course of action and which have not been evaluated herein. In order to be fair to both sides the trial should have been conducted in accordance with the rule currently in effect at the time of the trial. As that was not done the judgment ought not to stand. In view of the novelty of the practice and the absence of an earlier construction of the rule, we think that the case should not end here but should go back for retrial.

The judgment below will be reversed and a *venire de novo* issue. Under the circumstances of the case the parties, or either of them, may, on application, be given a further pretrial conference looking toward a new or amended order under the rule as it now is or may then be.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, WACHENFELD and BURLING—4.

*For affirmance*—Justices HEHER, OLIPHANT and ACKERSON—3.