MARY CAUCO, PLAINTIFF-RESPONDENT, v. ANNA GALANTE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH GALANTE, DECEASED, DEFENDANT-APPELLANT.

Argued November 19, 1951—Decided December 3, 1951.

234

*Mr. Milton M. Unger* argued the cause for the appellant (*Mr. Sam Denstman* on the brief; *Messrs. Milton M.* and *Adrian M. Unger*, attorneys).

*Mr. William V. Azzoli* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J.   Defendant Anna Galante, individually and as administratrix of the estate of Joseph Galante, deceased, appeals from a final judgment entered against her and in favor of the plaintiff Mary Cauco, in the Chancery Division of the Superior Court.   The appeal was addressed to the Appellate Division of the Superior Court but prior to hearing there it was certified by this court upon our own motion.

This civil action was brought by plaintiff to establish an equitable mortgage under an agreement alleged to have been made between the plaintiff and the defendant individually and her husband, Joseph Galante, now deceased, whom defendant represents as administratrix.   The allegations and prayers of the complaint, the allegations of the answer, and the terms of the initial pretrial order are recited at length in the opinion of this court on the former appeal in this cause, *Cauco v. Galante,* 6 *N. J.* 128 (1951).   The former appeal, brought by the plaintiff from a judgment of dismissal entered upon defendant's motion at the close of the plaintiff's case, resulted in a judgment of reversal remanding the case for new trial.   It is from the judgment for the plaintiff on the new trial that the present appeal arises.

In order to prevail under the circumstances in this case, the plaintiff was required to prove a conveyance by her of a valuable piece of real estate (a structure containing apartments and store) which was owned by her for a promise of a mortgage upon other real estate, which mortgage she never received, and thus changed her position at the solicitation of her brother Joseph Galante (now deceased) and his wife, the defendant, and further her proof was required to be clear, cogent and convincing.

■ The legal principles and authorities are discussed in our former opinion in this cause and repetition here would serve no purpose. Upon the entire case we are of the opinion that the plaintiff has carried the burden of proof thus cast upon her. The evidence adduced at the retrial subsequent to the former appeal differs in no material degree from that introduced at the first trial of the cause. True, the defendant testified and called other witnesses in her behalf, but the testimony thus introduced in many respects lends support to the plaintiff's case. For instance, the defendant admitted that the plaintiff had purchased at the earlier foreclosure sale the premises which became the source of the present controversy, that plaintiff was the owner thereof and that defendant and her husband had been "taking care of the property." Further the printed record shows that her own testimony was replete with evasions and contradictions and we may well here give due regard to the opportunity of the trial court to judge of her credibility as well as of the credibility of the other witnesses. *Rule* 1:2–20(a).

The defendant has argued points on this appeal which deserve comment.

■ The first of these additional points is the defendant's contention that the trial court shifted the burden of proof to the defendant. We find no merit in this contention. There appears to be no justification therefor in the record and the only criticism that may be made is that the trial court's choice of expression in his filed memorandum was not exact. All that he in effect said was that the plaintiff had carried the burden of proof under the appropriate principles of law.

■ It is also contended by the defendant that the trial court erred in refusing to grant a requested modification of the pretrial order to introduce a new issue, namely, the defense of the equitable doctrine of "clean hands" resulting from the alleged manner of creation of the plaintiff's 1933 mortgage which was foreclosed. The record shows that on February 15, 1951, an amended pretrial order was signed by counsel for both parties limiting trial of the case to the issues therein

referred to. *Rule* 3:16 provides that the pretrial order controls the subsequent course of action unless modified at the trial to prevent manifest injustice. The defendant must stay within the confines of the record. *Lang v. Morgan's Home Equipment Corp.*, 6 *N. J.* 333, 340, 341 (1951); *Jenkins v. Devine Foods, Inc.*, 3 *N. J.* 450, 458 (1950). It is argued by the defendant that after the formal signing of the amended pretrial order there was some sort of an informal understanding that a renewed application for amendment might be made at the trial. The defendant points to no subsequent application for modification of the pretrial order in order to pave the way for the submission of evidence pertaining to the alleged defense; we have found none in the record. The defense of the "clean hands" doctrine applies only to a matter or transaction in controversy. It was asserted by the defendant against the loan and agreement to give a mortgage, although if there was any fraud it applied solely to an earlier transaction with which defendant individually was not connected. In the present suit her husband could not have questioned the 1933 mortgage or 1937 foreclosure thereof upon the ground of fraudulent origin because he allegedly participated therein. Despite the limitation of the amended pretrial order, testimony by defendant as to the alleged fraudulent consideration for the foreclosed mortgage was admitted, but was later stricken from the record. This testimony consisted entirely of defendant's alleged conversations with Joseph Galante, deceased, after the creation of the mortgage as to its fraudulent origin. The defendant was admittedly not present in 1933 when the original (later foreclosed) mortgage to plaintiff was made. Defendant's testimony was clearly controverted by other evidence, including Joseph's affidavit given to the title company at closing or settlement, on the sale of the premises in question to a third party in 1946, and registration certificates filed with the Office of Price Administration, wherein Joseph Galante stated that he was not the owner of the premises but was acting as agent for the owner, Mary Cauco, plaintiff

herein. It is also noteworthy that defendant, although given great latitude by the trial court did not produce any other witness relating to the origin of consideration, or lack of consideration, for the 1933 mortgage. No action of the trial court improperly deprived the defendant of the asserted defense.

■ There was admitted in evidence a general release of Joseph Galante. Defendant charges error in this connection on the ground that release is an affirmative defense and must be pleaded under *Rule* 3:8–3. Although there may have been a procedural error in this respect it was not prejudicial, for it related to a matter not in issue under the amended pretrial order. Upon an examination of the whole case, its admission did not injuriously affect the substantial rights of the defendant because it does not enter into this determination. *Rule* 1:2–20(*b*).

■ The defendant also appeals from the refusal of the trial court to permit the introduction in evidence of certain income tax returns of the deceased Joseph Galante. The trial court based its refusal on the principle of self-serving declarations. These income tax returns were properly ruled inadmissible on that ground.

Finally the defendant contends that the relief accorded the plaintiff does not conform to the proofs in that the judgment imposes individual liability on the defendant for deficiency in the event sale of defendant's premises does not provide a sum sufficient to pay the lien or mortgage adjudged to exist against that property. This contention appears to be mere repetition of defendant's argument hereinabove considered, namely that the judgment was against the weight of the evidence.

For the reasons stated the judgment of the Chancery Division of the Superior Court is affirmed.

HEHER, J., would modify the judgment to absolve the individual defendant from personal liability for the mortgage deficiency, if any, and affirm the judgment otherwise.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal in part*—Justice HEHER.