LOUIS J. GRAMMAS, PLAINTIFF-RESPONDENT, v. PROSPER A. COLASURDO, AND LEWIS J. COLASURDO, GIRARD A. COLASURDO AND CHARLES A. COLASURDO, EXECUTORS OF THE ESTATE OF ANTHONY COLASURDO, DECEASED, т/а COLASURDO CRANBERRY PLANTATION, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 9, 1957—Decided February 3, 1958.

544

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. William S. Zink* argued the cause for defendants-appellants (*Messrs. Bleakly, Stockwell & Zink,* attorneys).

*Mr. John R. Armstrong* argued the cause for plaintiff-respondent (*Messrs. Kirkman, Mulligan & Harris,* attorneys).

The opinion of the court was delivered by

FREUND, J. A. D.  This is an action in trespass between adjoining landowners in Mays Landing, the plaintiff claiming that the defendants entered upon his land in 1955 and with a bulldozer and other equipment widened and deepened a small ditch or stream, known as Dry Run, and destroyed a footbridge.  The plaintiff's proofs show that the ditch or stream was enlarged from a former width of two or three feet, and a water depth of about one foot, to a width of 15 to 18 feet across the bottom and 20 to 25 feet across the top, with a water depth of from two to three feet.  It was also shown that in widening the ditch the trees and vegetation along the bank were uprooted, pushed and tipped over the bank, and the side banks had been "piled up pretty high."  Additionally, it was shown that in places the stream did not precisely follow the course of the former bed.

Defendant Girard Colasurdo testified that defendants have 800 acres of cranberry bogs under cultivation and that while nine months of the year the bogs are under water, it is necessary occasionally to clean the bogs by opening the dam gate, and the accumulated water is also released at the start of the production season.  The cranberry bogs are located upstream and when the bog waters are released they flow through the Dry Run which crosses plaintiff's property. This practice has been followed by the Colasurdo family for

some 50 years. Colasurdo also testified that the stream had been cleaned out with dynamite "around 20 years ago" and "that would be roughly 1937." He said that he had not viewed the stream in "more recent years since 1937." When asked who authorized the stream to be cleaned in 1955, he said that no doubt his father did and while he did not think a bulldozer was used, he said "I think we done him a favor to clean it out."

Henry W. Denmead testified on behalf of the defendants that he lives in Mays Landing, and his first knowledge of the stream as it crosses the Grammas property was about the year 1907. If he remembered correctly, he said, the stream in 1907 would vary from 8 to 10 feet (in width), and that a year prior to the trial (1956) he viewed the stream and judged it was about 12 to 15 feet. Other witnesses for the defendants testified to varying dimensions of the stream, as well as to its location across the rear of plaintiff's property. The defendants on this appeal in effect concede that they cleaned out the stream running through plaintiff's property preparatory to releasing the waters in their cranberry bogs, but deny liability for the act of trespass.

Prior to the trial judge's charge to the jury, the defendants submitted four requests to charge which the judge refused to charge on the ground "that they were not supported by any evidence." The first three requests were as follows:

"1. If you find that the waters from the land now owned by the Colasurdo's have naturally drained through this water course over the Grammas land, and have done so for as many years as man can remember, and the Colasurdo's or those persons owning the land before them have, as long as can be remembered, drained their lands by this water course over the land now owned by Grammas, then the Colasurdo's have an easement over the land of Grammas which is entitled to protection of the law and which Grammas must respect. *Earl v. De Hart*, 12 *N. J. Eq.* 280 (*E. & A.* 1856) ; *Kearns v.* [*Town of*] *Bloomfield*, 101 *N. J. Eq.* 462 (*Chancery* 1927).

2. If you find that the water from the lands now owned by Colasurdo's has drained across the land owned by Grammas for as long as man can remember, then the Colasurdo's have the legal right to compel Grammas to remove any obstructions placed upon his land which would obstruct the natural flow of such water.

*Kearns v. [Town of] Bloomfield,* 101 *N. J. Eq.* 402 *(Chancery* 1927).
3. If you find that the waters from the Colasurdo's land drained across the land now owned by Grammas and that there was an obstruction or obstructions to the natural drainage which would, if not remedied, have caused a flooding of the Colasurdo's land, then I charge you that Grammas would not have the legal right to prevent the Colasurdo's from going on his land to remove the obstruction. *Kearns v. [Town of] Bloomfield,* 101 *N. J. Eq.* 402 *(Chancery* 1927)."

After the judge concluded the charge, the defendants' attorney requested him to "charge the law relating to an easement by prescription." The judge stated that he had sufficiently charged on that point and would not comment further as to it. No objections to the refusal to charge any of the requests were made by defendants' counsel.

The jury returned a verdict for the plaintiff in the amount of $2,500. Defendants moved for a new trial and the judge in denying the motion stated "* * * there is sufficient evidence from which the jury could find the defendants liable." Defendants appeal from the judgment and the denial of their motion for a new trial. Specifically, they argue on this appeal the failure of the trial judge to charge the jury as requested in writing and the request to charge made orally at the conclusion of the charge to the jury.

Preliminarily, the record contains no objection by defendants' attorney to the charge or the failure to charge the written or oral requests, let alone a statement of reasons why the court should charge as requested. *R. R.* 4:52–1 expressly provides that "No party may urge as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of the objection." Ordinarily, the failure to register an objection will preclude the raising of argument directed to these issues on appeal. *R. R.* 4:52–1; *Kargman v. Carlo,* 85 *N. J. L.* 632, 638 *(E. & A.* 1913); *J. B. Wolfe, Inc. v. Salkind,* 3 *N. J.* 312 (1949); *Peter W. Kero, Inc. v. Terminal Construction Corp.,* 6 *N. J.* 361, 371 (1951); *Lertch v. McLean,* 18 *N. J.* 68, 73, 74 (1955); *Nusser v.*

*United Parcel Service of N. Y., Inc.,* 3 *N. J. Super.* 64, 70 (*App. Div.* 1949).

Moreover, the pretrial order does not set forth any basis for the defendants' requests to charge. Paragraph 3 of the order states the defendants' factual contentions as follows:

"3. Defendants deny liability; and assert that for many years last they had authority to enter upon said premises for the purposes of maintaining and cleaning a ditch located upon said premises or between said premises and other premises, and that they entered upon said premises for said purpose and did not commit a trespass; and further, in the course of said work no damage was committed to the plaintiff's premises."

Additionally, paragraph 7 of the pretrial order expressly states the legal issues to be tried are: "Trespass to property and damages."

The defendants' factual contention does not specifically purport to suggest, nor do defendants by their answer claim as a defense, an easement by prescription; further, the quoted paragraph of the pretrial order does not sufficiently raise the defense of a natural watercourse with the right of the upland owner to flow the water from his land into the watercourse and within its banks on the plaintiff's property. The factual contention would seem at best to suggest the defense of a right of way by license or permission.

Ordinarily, the issues now claimed by the defendants to be involved, not having been stated in the pretrial order, it would not have been appropriate to submit them to a jury; *per contra,* however, if the issues were "tried by consent or without the objection of the parties." *R. R.* 4:15–2. If the defendants intended at the trial to claim a defense not stated in the pretrial order, it would have been appropriate to make application to amend. *R. R.* 4:15–2 allows wide latitude to permit appropriate amendments to conform the pleadings to the proofs. The question is whether the parties squarely recognized the issue of prescription or of a natural watercourse as having been raised and tried. *Binder v. Green,* 8 *N. J. Super.* 88, 93 (*App. Div.* 1950);

*Barber v. Hohl,* 40 *N. J. Super.* 526, 533 (*App. Div.* 1956);
3 *Moore's Federal Practice* (*2d ed.* 1948), § 15.13, *p.* 847.

■ In support of the issue now being raised of an ease-
ment by prescription, the defendants rely upon the opening
statement of their attorney to the jury, as follows: "We
will show you that the stream has been used for many years
for this purpose," and again, "We have what is known as
a prescriptive right to use it as the upper tenant on the
stream," and what defendants did was "to clean out the
stream so that it would carry the amount of water it had
carried previously in evacuating the water from the bog."
Apparently, the plaintiff's attorney recognized an issue of
some unstated kind of right in the defendants, for at the
conclusion of the plaintiff's case he said, "There is some
claim which will be an affirmative defense in reference to
* * * water rights, the property rights," when he reserved
the right to call rebuttal witnesses.

■ We are of the opinion that defendants' attorney's
opening to the jury, plaintiff's anticipation of the defense,
and the extensive testimony on behalf of the defendants
as to the length of time during which the stream over plain-
tiff's land had pursued the same course and as to the inci-
dent in 1937, when to clean out the ditch the defendants
admittedly blew out the stream with dynamite, require the
conclusion that the issue of a right to an easement by
prescription was tried by consent of the parties. While we
have concluded that the question of whether or not the de-
fendants have a prescriptive easement by virtue of water
running from their uplands through the ditch on plaintiff's
property was properly brought in issue, it is our opinion
that the question of whether or not the defendants have a
right of natural drainage was never defined or squarely
recognized by the parties. This issue was not stated in
the pretrial order and may be deemed to be waived. The
trial judge is not required to instruct the jury concerning
matters not within the scope of the pretrial order, *Jenkins
v. Devine Foods, Inc.,* 3 *N. J.* 450 (1950); *Schlossberg v.
Jersey City Sewerage Authority,* 15 *N. J.* 360, 370 (1954);

*Lertch v. McLean, supra* (18 *N. J.* 68, 72, 73); where the issue was not tried by consent. The issue of natural watercourse was not clearly recognized or tried in this case.

■ The first three written requests to charge relate to the right of the upland owner to have his lands naturally drained through the ditch or stream across plaintiff's property, relying upon *Earl v. De Hart,* 12 *N. J. Eq.* 280 (*E. & A.* 1856); *Kearns v. Town of Bloomfield,* 101 *N. J. Eq.* 462 (*Ch.* 1927). See also 2 *Walsh, Law of Real Property,* § 242, *pp.* 622 *et seq.* (1947). Since we have determined that this issue was not properly raised by the pretrial order or actually tried by consent or without objection, the refusal to charge as requested was not reversible error. The fourth written request to charge relates to the factual issue of who committed the trespass and since that matter is not urged on this appeal, it will not be considered.

At the conclusion of the charge to the jury, the judge inquired of counsel if there was anything else to be considered, to which defendants' attorney replied, as already mentioned, that the court should charge "the law relating to easement by prescription." The court answered that it had sufficiently charged on that point and would not comment further.

■ We have already stated that this issue was "tried by consent" and we will consider the merits of this contention. For a prescriptive right to have arisen in favor of the defendants, proofs were required that there had been an adverse, hostile, continuous, uninterrupted, visible and notorious user for more than 20 years of the stream across plaintiff's property, over which water has flowed from defendants' uplands. *Earl v. De Hart, supra; Plaza v. Flak,* 7 *N. J.* 215, 220, 27 *A. L. R. 2d* 324 (1951); *Cobb v. Davenport,* 32 *N. J. L.* 369 (*Sup. Ct.* 1867); *Hughes v. Knight,* 33 *N. J. Super.* 519 (*App. Div.* 1955); *Kearns v. Town of Bloomfield, supra; Mancini v. DeLillis,* 1 *N. J. Super.* 490 (*Ch. Div.* 1948); *Annotation* 22 *A. L. R. 2d* 1047 (1952); 56 *Am. Jur., Waters,* § 323, *p.* 764. The request to charge did not mention the prescriptive period

or other essential elements to a claim of an easement by prescription. *Vide, Plaza v. Flak, supra* (*7 N. J.,* at *page 220*).

The defendants argue that the oral request to charge on the issue of "easement by prescription" should have been granted. We are in agreement. It is the duty of the court to instruct the jury on all basic questions of law arising out of the facts of the cause being tried and founded upon the issues framed for trial, whether such instructions are specifically requested or not. *Gabriel v. Auf Der Heide-Aragona, Inc.,* 14 *N. J. Super.* 558 (*App. Div.* 1951); *Ball v. Porter,* 23 *N. J. Super.* 491 (*App. Div.* 1952); *cf. Kreis v. Owens,* 38 *N. J. Super.* 148 (*App. Div.* 1955). Therefore, the issue of prescriptive right being in the case for the reasons already stated, a charge covering the law on that subject was a minimum requirement of an adequate trial. We cannot agree with the observation of the trial judge, in refusing the request so to charge, that he had already charged the subject.

In addition to the general principles relevant to prescriptive rights which have been mentioned, it should be noted that defendants' right on such a basis would not extend to the doing of anything more on plaintiff's land than was reasonably prudent and necessary to preserve an adequate flowage of the water from their bogs. ` Any excessive activity would not be privileged and would not give defendants immunity for resulting damage to plaintiff's property. These are questions of fact for determination by the jury.

Since the case must be retried, we think the interests of justice call for the determination at the retrial of any rights which defendants may have to flow the water from their land by natural watercourse across the plaintiff's land, incidental to defendants' status as an upland owner on a natural watercourse. This and the other questions we have discussed will require an amendment to the pleadings and of the pretrial order so as to clarify the issues before trial. The plaintiff is also granted leave to make such amendments

to his pleadings and to the pretrial order as are deemed necessary to protect his rights in the light of the revision of the issues.

In such circumstances as are here present, the upper owner may "go upon the servient estate at all reasonable times * * * to remove * * * obstructions interfering with [the] use of the way, so long as the same may be done without a breach of the peace." *Dyer v. Compere,* 41 *N. M.* 716, 73 *P. 2d* 1356, 1359 *(Sup. Ct.* 1937). See 56 *Am. Jur.,* Waters, § 153, *p.* 623. In *Prescott v. Williams, Administrator,* 5 *Metc.* 429, 46 *Mass.* 429, 435 *(Sup. Jud. Ct.* 1843), it is stated that the upper owner "independently of any right acquired by compact or by prescription, [would have] a right to enter upon the land below, and in a reasonable and proper manner do all acts necessary to secure the enjoyment of his easement." The upper proprietor is not to be deprived of the reasonable use of the stream and of the right to do all acts necessary to secure the enjoyment of the easement. *Kearns v. Town of Bloomfield, supra* (101 *N. J. Eq.* 462). The lower proprietor has no right to complain unless he can show that he has suffered material damage. *Schnitzius v. Bailey,* 48 *N. J. Eq.* 409 *(Ch.* 1891), affirmed 53 *N. J. Eq.* 235 *(E. & A.* 1895); *Kearns v. Town of Bloomfield, supra.* See *Board of Drainage Com'rs. of Drainage Dist. No. 10 of Bolivar County v. Board of Drainage Com'rs.,* 130 *Miss.* 764, 95 *So.* 75, 28 *A. L. R.* 1250 *(Sup. Ct.* 1923). On the retrial, if the issue is properly framed by amended pleadings and the pretrial order, the jury should be instructed of the rights and obligations of the respective parties as to the use of the stream and the removal of obstructions, in accordance with the stated principles.

Reversed and remanded for new trial.