**372 P.2d 701**

**TEMP–RITE ENGINEERING COMPANY,**
a corporation, Appellant,

v.

**CHESIN CONSTRUCTION COMPANY, a**
corporation, and Tucson Land and Development Company, a corporation, Appellees.

**No. 6951.**

Supreme Court of Arizona,
In Division.

June 29, 1962.

Cusick, Watkins & Frey, Tucson, for appellant.

Scruggs & Rucker, Tucson, for appellees.

WINDES, Justice (Retired).

Above designated appellant, Temp-Rite Engineering Company, Inc., hereinafter designated plaintiff, filed complaint against Chesin Construction Company and Tucson Land and Development Company, hereinafter designated defendants, alleging in substance that plaintiff and defendants entered into a written contract, a copy of which is attached to the complaint. While the contract is somewhat lengthy it provides in substance that plaintiff was to install heating units for houses designated as Plan No. 583 A. The contract provides that the buyer (defendants) was to pay the seller

(plaintiff) $264 upon completion of the work which included "the model and all additional homes of the above plan." The complaint further alleges that in reliance upon plaintiff's contract it made capital expenditures for the purchase of steel and furnaces in the sum of $3300; that it installed the equipment and did everything necessary to complete its portion of the contract upon five houses for which payment was made; that defendants failed and refused to allow plaintiff to continue under the contract even though defendants have continued construction of homes covered by the contract; and seeks damages in the sum of $56.20 profit for each unit he was not allowed to install. Defendants answered alleging that the units which plaintiff completed are improperly installed and not according to specifications. Defendants also filed a counterclaim reiterating faulty construction by the plaintiff and alleging that defendants were required to perform and complete the work without aid of plaintiff and that the cost of completion in accordance with the terms and specifications of the contract was $12 per unit and asked damages in the sum of $3,000 at the rate of $12 per house.

The contract provided "Job Plan No. 583 A. Address Terra Del Sol" and provides that the defendants would pay the sum of $264 "upon completion of our work. This includes the Model and all additional homes of above plan including other elevations."

Admittedly plaintiff completed installation in five houses for which he was paid at the price per unit provided in the contract, after which defendants terminated the contract and would not allow plaintiff to make other installations. The trial court with findings of fact and conclusions of law ruled that the contract was divisible and subject to termination at any time by either party without reason. It also concluded that defendants were not required to accept from plaintiff any special number of heating units and installations and that the contract was not ambiguous and uncertain. The court also found that defendants constructed more than five houses under the plan mentioned in the contract. Upon these findings and conclusions judgment was rendered for the defendants. The controlling question thus presented is whether the trial court correctly ruled that the contract was divisible and subject to termination at will without any reason and would not allow plaintiff to submit evidence concerning the true intention of the parties.

Plaintiff's contention is that the contract is not severable for the reason it was the intention of the parties that the contract include the unit price of $264 for each plan No. 583 A house constructed in Terra Del Sol subdivision. By questions submitted and avowal made plaintiff attempted to prove substantial capital investment in stockpiling steel and furnaces to enable him to make the required installations; that he

had prefabricated steel that could be used only in houses of this model, and, there were at least 170 model houses built in this subdivision by somebody else.

 While the court in its findings and conclusions states that the contract was not ambiguous nor uncertain in any respect, this is not in harmony with the court's statements when refusing to allow the offered proof. In giving reasons for its ruling the court stated that certainly the $264 is not the overall bid; that the contract was poorly worded, very indefinite, and one had to speculate to determine what is meant. Ruling upon the matter the court recognized the correct legal guide in determining the severability of a contract to be that primarily the question is whether a contract is entire or severable is one of intention, which intention is to be determined by the language which the parties have used and the subject matter of the agreement. A contract may both in its nature and by its terms be severable and yet rendered entire by the intention of the parties.

 Our view is that the contract is indefinite and ambiguous. The trial court, presented with a difficult problem, was apparently of the view that he could not receive any evidence outside the written expressions of the contract which would tend to show the intention of the parties. We believe this was error. If the writing is indefinite or ambiguous, oral testimony is admissible to show the meaning of the language in the contract and the true intention of the parties. Coe v. Winchester, 43 Ariz. 500, 33 P.2d 286; Henderson v. Jacobs, 73 Ariz. 195, 239 P.2d 1082. We feel compelled therefore to return the matter for trial, for the admission of any legitimate evidence bearing upon the meaning of the ambiguous language in the contract and the intention of the parties.

Reversed with instructions for a new trial.

UDALL, V. C. J., and JENNINGS, J., concur.