404 P.2d 826

Bruno LOYA, Dolores Loya and Elisa Morales and Frank Morales, Appellants,

v.

Richard FONG, dba Market Basket, Appellee.*

No. 2 CA–CIV 40.

Court of Appeals of Arizona.

Aug. 6, 1965.

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 7767. The matter was referred to this court pursuant to § 12–120.23 A.R.S.

Jose del Castillo, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, Tucson, Robert S. Tullar, Tucson, of counsel, for appellee.

MOLLOY, Judge.

This is an appeal from a judgment rendered on a jury verdict in favor of the defendant. The plaintiffs' complaint alleges that they purchased three pounds of hamburger at the defendant's store and became ill as the result of eating same. The complaint sounds in both breach of warranty and negligence.

The defendant's answer denied negligence and denied, for lack of information, the sale of any product to the plaintiffs on the occasion in question, and any warranty to the plaintiffs.

At the time of pretrial conference, the record shows that the following occurred:

"Defendant further stipulates that if the meat which he sold to the plaintiffs, as alleged in the plaintiffs' Complaint, was not wholesome and fit for human consumption, that he is liable to the plaintiffs for any damages proximately resulting from such condition.

"It is stipulated by all of the parties that the only issues of fact to be tried in this action are these: 1. Was the meat in question which was purchased by the plaintiffs, Bruno Loya and Dolores Loya, husband and wife, wholesome and fit for human consumption at the time it was purchased. 2. If such meat was not wholesome and fit for human consumption, what damages have been sustained as the result thereof by the plaintiffs."

The stipulation as to the issues to be tried was read to the jury by the court at the onset of the trial. However, defendant's counsel in his opening statement made reference to the complaint and the answer thereto as setting forth the issues to be tried, and stated that the defendant was leaving the plaintiffs to their proof insofar as establishing that there was a breach of warranty, that any hamburger was sold by the defendant to them on the occasion in question, and that the defendant was guilty

of negligence. Plaintiffs' counsel thereupon made the following objection:

"If Your Honor please, I am sorry to interrupt the counsel, but there has been a stipulation that the only issues are only two, that we show that the meat isn't wholesome and not fit for human consumption when it was purchased and neither negligence nor warranty seem to have been involved as an issue in here. It has been already stipulated at the pretrial. * * *"

The trial court overruled this objection. Thereafter, defendant's counsel continued to talk to the jury about the complaint and the answer and the issues framed therein.

After the plaintiffs had put on their case, the defendant called only one witness in defense, who was the butcher who purportedly had sold the meat in question. The butcher testified that he was a lifelong friend of one of the plaintiffs who supposedly had come into defendant's store to buy the hamburger. Thereafter the following testimony was elicited:·

"Q If [he] had come in the Market Basket on Saturday, June 3rd, and had stood there while his partner bought meat from you, would you have recognized him?

"A I would have shaken his hand.

"Q You would have gone over and said, 'Well, Frank, long time no see'?

"A That is right.

"Q Did you see Frank Morales in there Saturday afternoon, June 3rd?

"A No, sir."

In settling instructions, the plaintiffs requested an instruction that would have limited the jury's consideration of factual issues to the two delineated in the pretrial order. Over the objection of plaintiffs' counsel, and at the request of the defendant's counsel, this instruction was modified so as to add the additional factual issue of whether or not any meat was actually purchased by the plaintiffs from the defendant on the occasion in question.

On appeal, the plaintiff complains of the extension of issues beyond the pretrial order, and also of certain remarks made by defendant's counsel in his opening statement criticizing a portion of the opening statement of plaintiffs' counsel. Also, plaintiffs contend on appeal that this court should order judgment be entered for them.

■ This last assertion of error will be disposed of first. The court on an examination of the record finds that the jury could find either way on the question of whether the meat purchased by the plaintiffs was spoiled. All of the pertinent evidence tending to establish that the meat was spoiled was that of the plaintiffs themselves, and the triers of fact may find that their testimony is intrinsically unbelievable. Graham v. Vegetable Oil Products Company, 1 Ariz.App. 237, 401 P.2d 242 [1965]. In any event, the plaintiffs made no motion for directed verdict prior to submitting the case for decision, and hence a motion for judgment notwithstanding the verdict has no foundation. Rule 50(b), R.C.P., 16 A.R.S.; La Bonne v. First Nat. Bank of Arizona, 75 Ariz. 184, 254 P.2d 435 [1953].

As to the trial court's ruling on plaintiffs' objections to extending the issues beyond the pretrial order, this court believes there is reversible error.

The defendant attempts to justify the court's ruling on two premises. The first of these is that the stipulations in question should receive a "fair and liberal construction" [In re Brandt's Estate, 67 Ariz. 42, 190 P.2d 497 (1948)], and that when so construed it is apparent that the defendant intended to maintain its denial of any sale to the plaintiffs.

While this court agrees that the standard of interpretation set forth in In re Brandt's Estate, supra, is applicable, when so construed, this court comes to the conclusion that the stipulated pretrial order eliminated the defense of the denial of the sale of meat products to the plaintiffs. If the first stipulation, which impliedly admitted the sale on the occasion in question, is not clear, then the order, limiting the issues

to only two, definitely eliminates this issue, together with the concomitant issue of warranty, from the case.

■ The pretrial conference is purposely scheduled at the conclusion of all discovery measures, so that the issues may be made crystal-clear by the pretrial order. Rule VI, Uniform Rules of Practice of the Superior Court of Arizona, 17 A.R.S. It should have been uppermost in the minds of court and counsel at the pretrial conference that a primary purpose of the proceeding was to succinctly set forth in the order the issues to be tried. The order that was entered in this action met these purposes. It is clear and direct, and leaves no doubt as to the elimination of certain defenses previously raised.

■ The second justification asserted for the court's ruling is that when issues are tried with the consent of the parties, the giving of instructions to the jury based upon such issues so tried is proper. With this law the court also agrees. Grammas v. Colasurdo, 48 N.J.Super. 543, 138 A.2d 553 [1958]; Jackson v. Cope, 1 Utah 2d 330, 266 P.2d 500 [1954]. And this court also accepts the law to be that if issues are tried with the implied consent of the parties, it is proper to amend the pleadings to conform thereto, either during or after trial, and that the amendment of such pleadings does not affect the validity of the trial of such issues. Electrical Advertising, Inc. v. Sakato, 94 Ariz. 68, 71, 381 P.2d 755 [1963]; Grammas v. Colasurdo, supra.

However, this court does not believe this law is applicable to this case. Here, there was objection by plaintiffs' counsel during the defendant's opening statement. At this time, plaintiffs' counsel attempted to limit the issues of the case to the pretrial order. Defendant's counsel was contending in his opening statement that the issues were framed by the pleadings. This controversy was wrongfully resolved by the trial court in defendant's favor.

■ A pretrial order having been entered, it controlled the subsequent course of the litigation, unless modified at the trial to prevent manifest injustice. Rule 16(a); R.C.P.; Jenkins v. Devine Foods, Inc., 3 N.J. 450, [1950], 70 A.2d 736, 22 A.L.R.2d 593; 3 Moore's Federal Practice § 16.19.

The particular pretrial order gathers added strength from the fact that it was entered by stipulation. The binding force of stipulations narrowing the issues has been recognized by the courts before pretrial conferences were the order of the day. 83 C.J. S. Stipulations § 22, p. 46; 50 Am.Jur., Stipulations § 12, p. 612; Craft v. Stumpf, 115 Colo. 181, 170 P.2d 779 [1946]; Williams v. General Ins. Co. of America, 8 Cal.2d 1, 63 P.2d 289 [1936]; Bruner v. Burch, 179 Okl. 338, 65 P.2d 1215 [1937].

■■ Such stipulations can be waived, if the parties mutually ignore the stipulation and try issues outside the limitations thereof. Jackson v. Gallegos, 38 N.M. 211, 30 P.2d 719 [1934]; Gethsemane Lutheran Church v. Zacho, 253 Minn. 469, 92 N.W.2d 905 [1958]; 83 C.J.S. Stipulations § 30, p. 84. But, in order to waive such a stipulation, the party must have voluntarily joined in litigating an issue which by timely objection he might have ruled out of the case. First Nat. Bank in Albuquerque v. Rowe, 52 N.M. 366, 199 P.2d 987 [1948]. The record here indicates that the plaintiffs made timely objection attempting to rule out issues not included in the pretrial order. This objection was not honored by the trial court.

■ The defendant contends the plaintiffs waived the stipulation when plaintiffs' counsel in his opening statement told the jury that the plaintiffs purchased the meat in question from the defendant's grocery store. This court holds that by so doing, plaintiffs' counsel did not open up this issue to be litigated. It would have been difficult to make an opening statement without some prefatory statement of this nature and the court sees no intent on the part of the plaintiffs' counsel to go outside of the pretrial order in so doing.

The contention is further made that the plaintiffs waived the pretrial order by offer-

ing direct testimony as to the purchase of the meat.

■ This testimony was offered by the plaintiffs after their objection to the defendant's opening statement had been overruled. By this time counsel had been relegated to the pleadings for the issues, and, in self-defense, plaintiffs' counsel went into the multiple issues framed by the pleadings. In so doing, there was no waiver of his objection to the extension of the issues beyond the pretrial order. Udall Arizona Evidence § 11, p. 21; Tucker v. Reil, 51 Ariz. 357, 364–370, 77 P.2d 203 [1938].

Many of the plaintiffs' ventures into this area of the purchase of the meat were in an attempt to establish that the meat was spoiled, i. e., in the cross-examination of the defendant as to where the meat was purchased and as to how it was handled. This was dealing with an issue framed by the pretrial order and hence in no sense a waiver thereof. What was said in First Nat. Bank in Albuquerque v. Rowe, supra, has pertinency:

"* * * When this cross-examination occurred plaintiff's counsel would have had to be possessed of a sixth sense to detect that defendant was slipping in, unobtrusively, an issue foreign to the single one reserved for trial by the stipulation. Furthermore, no objection conceivable could have stopped this line of testimony since *it was material and relevant on the very issue reserved for trial.* Then why should a party be deemed to have waived something by failing to object to a line of cross-examination which he was powerless to prevent? A careful review of the record satisfies us that every item of testimony adduced by either party, and relied upon by defendant as voluntary acquiescence on plaintiff's part in litigating an unauthorized issue, was relevant and material on the sole question reserved for trial by the stipulation. It cannot be made the basis of waiver." (Emphasis in original.) 199 P.2d 990.

■ The defendant contends that the plaintiffs must show "prejudice" in order to predicate error upon the trial court's allowance of the issues to go beyond the pretrial order. Art. 6, § 27, Arizona Constitution, A.R.S. No law has been cited to the court requiring the showing of prejudice in order to enforce the provisions of a stipulation narrowing the issues or to enforce a pretrial order. However, this court is of the opinion that the plaintiffs were prejudiced by the ruling in question. The initial orientation of the jury as to the issues to be tried is a critical phase of a trial. A concise statement of the factual issues to be resolved had been initially given to the jury when the pretrial order was read. But when the objection of plaintiffs' counsel to the defendant's opening statement was overruled, and defendant's counsel was permitted to continue to talk about the issues framed by the pleadings, there was inescapable confusion as to what issues were being tried. Confusion as to issues may itself be reversible error. Schlossberg v. Jersey City Sewerage Authority, 15 N.J. 360, 104 A.2d 662 [1954]; Laird v. Air Carrier Engine Service, 263 F.2d 948 [5th Cir. 1959].

If the objection to broadening the issues had been sustained at the onset, as it should have been, defendant's counsel could have asked to be relieved of the stipulation and to amend the pretrial order so as to bring into litigation the issue of whether any meat was sold to the plaintiffs. This court would believe that in the spirit of liberal amendment as contemplated by Rule 15, R.C.P., the trial court might have been justified in relieving the defendant from the stipulation and permitting the issues to be broadened, providing there was no showing of prejudice on plaintiffs' part. Laird v. Air Carrier Engine Service, supra; Grammas v. Colasurdo, supra. If this had been done, the litigants and the court would have been on firm footing as to what issues were actually being tried.

■ The issue interjected was a devastating one, as far as plaintiffs were concerned, in that if accepted as a fact, plaintiffs were made out to be flagrant perjurers. The timing of the defendant's testimony on this subject, coming as it did, shortly before the close of a three day trial, was such as to cause maximum damage. Plaintiffs' counsel could hardly have expected testimony of this strength, even from the opening statement of defendant's counsel, which indicated that defendant was denying the purchase "only because we have no knowledge that he purchased the meat."

Accordingly, if prejudice be necessary in order to predicate error when a stipulated pretrial order has been violated, the court finds such.

■ This court finds no error that defendant's counsel commented upon the opening statement of plaintiffs' counsel. Plaintiffs' counsel stated to the jury that after one of the plaintiffs had eaten the meat in question and had become ill, she had called him on the telephone, and he had advised her to go to a doctor.

In rejoinder to this, defendant's counsel stated that he assumed opposing counsel would take the witness stand to testify about this conversation, so that he would have an opportunity to cross-examine him. Both the remarks of plaintiffs' counsel and defendant's counsel in this area were beyond the scope of a proper opening statement. However, the latter was invited by the former, and therefore there was no error in the making thereof. Big Ledge Copper Co. v. Dedrick, 21 Ariz. 129, 185 P. 825 [1919].

For the reasons stated, this case is reversed and remanded for new trial.

WILLIAM C. FREY, Judge of Superior Court, and HATHAWAY, J., concur.

Note: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.