413 P.2d 288

**TEMP–RITE ENGINEERING COMPANY, Inc., a corporation, Appellant,**

v.

**CHESIN CONSTRUCTION COMPANY, a corporation, and Tucson Land and Development Company, a corporation, Appellees.**

**No. 2 CA–CIV 117.**

Court of Appeals of Arizona.

April 21, 1966.

Rehearing Denied May 25, 1966.

Cusick & Watkins, by Hugh W. Stewart, Tucson, for appellant.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by D. Thompson Slutes, Tucson, for appellees.

MOLLOY, Judge.

This is an appeal from a judgment rendered in favor of the defendants after a retrial ordered in an appellate decision. The Supreme Court of the State of Arizona in Temp-Rite Engineering Co. v. Chesin Construction Co., 91 Ariz. 360, 372 P.2d 701 (1962), determined that there should be a new trial, after a previous judgment in favor of the defendants. In the appellate opinion, our Supreme Court held that the construction contract which is the subject of this action was ambiguous and indefinite as to whether the contract was entire or severable, i. e., as to whether the heating and cooling work to be performed by the

plaintiff under the contract pertained to *all houses built by the defendant in a certain subdivision* or only to whatever work might be performed by the plaintiff at the direction of the defendant. The Supreme Court held that the contract was ambiguous and that the trial court erroneously failed to admit evidence as to the meaning of the ambiguous language.

Prior to retrial, the parties stipulated as to the amount of the plaintiff's damage in the event that the plaintiff should prevail and further stipulated that the only issues to be tried were these:

"a. Was the work performed by the Plaintiff for the Defendants in compliance with the contract?

"b. Was the said contract entered into by the parties on April 8, 1958, an entire or severable (divisible) contract?"

It was further stipulated:

"That if it is determined by the court that the contract was breached by the plaintiff, then the plaintiff will take nothing by his Complaint."

At the commencement of the trial, the plaintiff requested findings of fact and conclusions of law and at the conclusion of the trial to the court the following findings were made, among others:

"5. The defendants requested the plaintiff to install one unit each in five separate houses;

"6. Heating systems were installed in five houses but the heating systems installed were not as called for by the plan;

"7. It was a physical impossibility to install the heating system, as called for in the plan, in the type of house being built;

"8. Therefore, the work performed by the plaintiff for the defendants was not in compliance with the contract;

"9. The parties were mutually mistaken at the time they signed the Contract which was impossible to perform."

On the basis of the foregoing findings of fact the court made the following conclusions of law:

"1. The Contract between the parties was breached by the plaintiff in that the heating systems installed by the plaintiff in five houses of the defendants were not in compliance with the Contract;

"2. Because the work performed by the plaintiff was not in compliance with the Contract, the question of the legal issue of whether or not the Contract was entire or severable is immaterial and moot;

"3. The plaintiff is entitled to take nothing by its Complaint and that the defendants are entitled to Judgment in the above-entitled matter."

The court entered judgment for the defendants and this appeal follows. The questions raised on appeal are whether the trial court erred in making a finding of fact and in basing its judgment in part upon impossibility of performance and/or mutual mistake of the parties. It is the contention of appellant that this was error because (1) impossibility of performance and mutual mistake were not in issue under the stipulation of the parties and (2) the injection of these concepts into the decision of the trial court violated the law of the case, as enunciated by our Supreme Court in the decision cited above.

We find in the records sufficient evidence to warrant the court in finding that the work performed by the plaintiff upon the five houses was not in accordance with the contract. There was evidence that the contract required duct work for heating and cooling which would be "sized-down" or "stream-lined" while that installed in the five houses completed was of the square plenum type, with "tap-ins," the latter being a less expensive type of construction. There was also testimony that the contract called for a damper to change from heating to cooling with a chain control which could be worked from the inside of the house

while that which was installed was a slide damper which had to be operated from the roof. Additionally, there was testimony that the general workmanship was "sloppy" and that the work performed by the plaintiff was inordinately slow in making corrections so that the work of other subcontractors was adversely affected. There was showing that the defendants had to employ another contractor to remedy some of the work on two of the houses upon which the plaintiff worked.

■ On appeal, this court is constrained to resolve all conflicts in the evidence in favor of the trial court's resolution thereof and therefore we must uphold the decision of the trial court, unless reversible error was committed by the trial court in going outside of the issues stipulated by the parties in finding that it was impossible to do the work as required by the contract.

■ The only testimony that it was impossible to perform this work according to the contract was injected into the record by Raymond S. Ash, the president of the plaintiff-corporation, who testified on rebuttal that it was impossible to install the sized-down ducts in the particular houses. Under these circumstances, we hold that the variance, if any, between the proof and the pretrial stipulation was one brought about by the plaintiff itself, and it therefore cannot complain on appeal. In Loya v. Fong, 1 Ariz.App. 482, 404 P.2d 826 (1965), this court dealt with a situation where a trial court permitted evidence into the record, over objection, which was outside of the issues framed by a stipulated pretrial order. There we held that reversible error was committed in not limiting the issues as stipulated. In this decision, however, we indicated that such a stipulation could be waived by the parties. We said:

"The second justification asserted for the court's ruling is that when issues are tried with the consent of the parties, the giving of instructions to the jury based upon such issues so tried is proper. With this law the court also agrees. Grammas

v. Colasurdo, 48 N.J.Super. 543, 138 A.2d 553 [1958]; Jackson v. Cope, 1 Utah 2d 330, 266 P.2d 500 [1954]. And this court also accepts the law to be that if issues are tried with the implied consent of the parties, it is proper to amend the pleadings to conform thereto, either during or after trial, and that the amendment of such pleadings does not affect the validity of the trial of such issues. Electrical Advertising, Inc. v. Sakato, 94 Ariz. 68, 71, 381 P.2d 755 [1963]; Grammas v. Colasurdo, supra."

1 Ariz.App. at 485, 404 P.2d at 829.

The converse of Loya v. Fong is presented here. There is no question but what the plaintiff has consented to any broadening of the issues as represented by the interjection of the testimony under discussion. Accordingly, we hold that no error was committed by the trial court in buttressing its judgment with the testimony so volunteered.

■■ The appellant has also relied upon the doctrine that an appellate decision, right or wrong, is controlling in subsequent litigation. With this law, we agree. But we have read the cited opinion of our Supreme Court, and find that it no way dealt with the problem now before this court. The question of whether or not the plaintiff had conformed to the contract in question and, if not, why not, was not before our Supreme Court in the previous appeal. We believe the following to be a proper statement of the law:

"In the absence of a mandate or opinion to the contrary, the fact that the matter has been on appeal does not prevent an enlargement or restriction of the issues after the case has been remanded for new trial."

Harbel Oil Company v. Steele, 1 Ariz. App. 315, 317, 402 P.2d 436, 438 (1965)

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.