28 N.J. Super. 142 (1953)
100 A.2d 213
PHILIP MASTRANDUONO, PLAINTIFF,
v.
JACOB RESNICK AND TRAVIS G. SLATER, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 30, 1953.
*143 Mr. Lynwood Lord, attorney for the defendants, for the motion.
Mr. Horace G. Brown (Messrs. Brown, Connery, Kulp and Wille, attorneys for the plaintiff), contra.
WOODS, J.S.C.
This matter was heard before the court and a jury, and on September 23, 1953 the jury returned a verdict in favor of the plaintiff Philip Mastranduono for the sum of $50,000 and costs against the defendants Jacob Resnick and Travis G. Slater, jointly, severally and in the alternative. On October 5, 1953 the defendants served notice of motion for a new trial on the attorneys for the plaintiffs, which notice set forth as grounds for the motion excessive verdict, verdict against the weight of the evidence, refusal of the court to charge two requests made by the defendants, and abusive manner of plaintiff's attorney in his closing address.
It is not necessary to consider the merits because we must dismiss the motion for want of jurisdiction. R.R. 4:61-2, effective September 9, 1953, provides that "a motion for a new trial shall be served not later than 10 days after * * * the entry of the verdict of the jury." Here we find the verdict of the jury was entered September 23, 1953 and the notice of motion was served October 5, 1953  12 days after the entry of the verdict. And, by R.R. 1:1-9 "Neither the court nor the parties may enlarge the period for taking any action under Rules * * * 4:61-2; 4:61-4 * * *." To this rule there is no exception and the court has no power to exercise its discretion. See In re Horton's Estate, 1 N.J. 571 (1949); Jenkins v. Devine Foods, Inc., 3 N.J. 450, at page 458 (1950); Korfin v. Continental Casualty Co., 5 N.J. 154, at page 156 (1950); Winberry v. Salisbury, 5 N.J. 240, 241, at pages 255 and 265 (1950); In re Pfizer's Estate, 6 N.J. 233, at page 238 et seq. (1951).
The motion is dismissed.