66 N.J. Super. 107 (1961)
168 A.2d 457
BETTY GUSSIN, PLAINTIFF,
v.
EUGENE GROSSMAN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 3, 1961.
*108 Mr. Benjamin L. Bendit appeared for plaintiff (Messrs. Bendit, Weinstock, Cummis & Kroner, attorneys).
Mr. E. Donald Steinbrugge appeared for defendant (Mr. John W. Taylor, attorney).
LABRECQUE, J.S.C.
This matter comes on before me on defendant's motion for a new trial pursuant to R.R. 4:61-1(a). The plaintiff urges lack of jurisdiction for the reason that the motion was not served within the time limited by R.R. 4:61-2.
The matter was heard before the court and a jury and resulted in the rendition of a verdict for the plaintiff on January 13, 1961. Judgment thereon was entered January 24, 1961. Defendant's motion was served and filed on February 1, 1961.
R.R. 4:61-2 provides in part as follows:
"A motion for a new trial shall be served not later than 10 days after the court's conclusions are made known in non-jury actions or after the entry of the verdict of the jury. * * *"
Under R.R. 1:27B (former R.R. 1:1-9), neither the court nor the parties may enlarge the period for taking any action under this rule. The court is thus without power to exercise its discretion in aid of the defendant. Mastranduono v. Resnick, 28 N.J. Super. 142 (Law Div. 1953). Jurisdiction therefore depends upon the interpretation of the words "entry of the verdict of the jury."
It is urged by the plaintiff that the verdict of the jury is entered when the jury returns its verdict and it is received *109 and entered in the minutes. Defendant contends that the time of the receipt of notice of the jury's verdict by the clerk governs.
Under the practice prior to September 15, 1948, applications for a new trial were required to be made within six days following the jury's verdict. Supreme Court Rule 123. Prior to June 7, 1951, R.R. 4:61-2 (formerly Rule 3:59-2) followed Federal Rule 59(b), 28 U.S.C.A., and provided that the ten-day period within which a motion for new trial must be served, commenced with the "entry of judgment." Effective June 7, 1951 the present rule was adopted requiring that the motion be served not later than ten days after the entry of the verdict in jury trials or ten days after the court's conclusions are made known in non-jury actions.
The rules make no provision for the entry of a verdict by the clerk of this court. His duties require him to enter the judgment forthwith upon receipt of notice of the verdict from the county clerk. R.R. 4:59. The county clerk, however, is charged with the duty of keeping the trial minutes. R.R. 4:120-11.
The verdict of the jury is entered when it is received by the court and entered in the minutes. The time for making application for a new trial begins to run from the day the verdict is so rendered. Cf. R.R. 4:51-2.
In view of the fact that the present motion was served more than ten days following the entry of the verdict, the court is without jurisdiction and the motion must be dismissed.