414 P.2d 158

**Robert L. MOORE and Jane Doe Moore, husband and wife, Appellants,**

v.

**John D. GRAY, Appellee.**

**No. 2 CA–CIV 160.**

Court of Appeals of Arizona.

May 17, 1966.

Rehearing Denied June 8, 1966.

Review Denied July 5, 1966.

**310**

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, by John H. Lyons, Phoenix, and Robert G. Beshears, Phoenix, for appellants.

Lesher, Scruggs, Rucker, Kimble & Lindamood by Robert O. Lesher, Tucson, for appellee.

MOLLOY, Judge.

This is an appeal from a $53,795 judgment in favor of the plaintiff in a personal injury action arising out of a one-car accident in which the plaintiff was a passenger.

There are only two issues presented on appeal—whether the trial court erred in refusing to give an instruction on assumption of risk and whether the amount of the verdict is grossly excessive.

The facts giving rise to this accident stated favorably to the appellants' contention that an assumption of risk instruction should have been given are these.

The plaintiff had been caring for a horse owned by the defendant, Dr. Robert L. Moore, on the plaintiff's ranch northwest of Clifton, Arizona. The doctor came to the plaintiff's home on December 9, 1961 in a 4-wheel drive jeep intending to take the horse back with him to Phoenix in a trailer. It had been snowing off and on for approximately two days and on the advice of the plaintiff that it would be difficult to pull the trailer because of weather conditions, the doctor decided not to take the horse back with him on this day. The plaintiff had no particular reason to go with the doctor but decided at the last minute to accompany him as far as Clifton. The road from the plaintiff's home to Clifton is very well known to him. For the first twenty-two miles it is a gravel road. This road then joins State Highway 666, which is known as the Coronado Trail. This highway is steep with many tight turns. This road is better known to the plaintiff than to the defendant. Prior to departing from the plaintiff's ranch, or shortly thereafter, the defendant asked the plaintiff whether it would be advisable to put chains on the jeep and the plaintiff advised that the snow tires which the jeep had were just as good as chains. Sometime back up the road from where the accident occurred, the defendant drove into a snowbank on one of the curves. A short distance up the road from the curve causing the accident, or before negotiating a prior curve (the evidence is conflicting), the plaintiff warned the defendant that there was a steep curve ahead. Coming into the curve which produced the accident the defendant was traveling at between twenty and twenty-five miles per hour and received no warning from the plaintiff about the curve ahead (this is the plaintiff's testimony) or, the defendant was traveling between eight and twelve miles per hour having slowed down as the result of a warning by the plaintiff (this was the defendant's testimony). The jeep went out of control on an extremely tight turn, ending up after the accident more than 200 feet off the road down a steep embankment.

The defendant requested instructions on both contributory negligence and assumption of risk. The court gave instructions on contributory negligence, but refused those on assumption of risk. The assumption of risk instructions, which were refused, read as follows:

*"DEFENDANTS' REQUESTED INSTRUCTION NO. 11*

"We have a legal principle commonly referred to by the term 'assumption of risk.' It now will be explained to you:

"A person is said to assume a risk when he knows that a danger exists in the physical, emotional or mental condition of another or in the operation of a vehicle and voluntarily places himself within the area of danger.

"A person who thus assumed the risk is not entitled to recover for damage caused him which resulted from the dangerous condition to which he thus exposed himself."

*"DEFENDANTS' REQUESTED INSTRUCTION NO. 8*

"Your attention is called to a distinction between contributory negligence and assumption of risk. As said elsewhere in these instructions, an essential factor in contributory negligence is that it be a proximate cause of the injury of which a person thereafter complains. But assumption of risk, if it meets with the requirements of the law as defined to you, will bar recovery for damage although it plays no part in causing the accident except merely to expose the person to the danger."

*"DEFENDANTS' REQUESTED INSTRUCTION NO. 9*

"You are instructed that in determining whether or not a person had knowledge of the condition of another or of a dangerous situation and whether, with such knowledge he assumed a risk so as to bar a recovery by him of damages for injury, you may consider his age, experience and capacity along with all the other surrounding circumstances as shown by the evidence."

On appeal, the appellee contends, and this court agrees that the foregoing instructions do not properly state the law of assumption of risk in this jurisdiction. We have had occasion recently in this court to consider thoroughly the doctrine of assumption of risk in a negligence case. City of Tucson v. Holliday, 3 Ariz.App. 10, 411 P.2d 183 (1966). There we came to the conclusion that while the doctrine is still a part of the law of this state, Miller v. George F. Cook Construction Co., 91 Ariz. 80, 370 P.2d 53 (1962), the doctrine should be limited to the subjective test enunciated in the Restatement (Second), Torts § 496.

Again, as in Holliday, we are here concerned only with subsection C of this rule, which subsection deals with the concept of implied assumption of risk:

"§ 496 C. Implied Assumption of Risk

"(1) Except as stated in Subsection (2), *a plaintiff who fully understands a risk of harm to himself* or his things *caused by the defendant's conduct* or by the condition of the defendant's land or chattels, and who nevertheless voluntarily chooses to enter or remain, or to permit his things to enter or remain within the area of that risk, *under circumstances that manifest his willingness to accept it,* is not entitled to recover for harm within that risk." (Emphasis added)

In Holliday we said (411 P.2d at 190):

"Knowingly taking a risk, without more, fails to differentiate a situation from the commonplace, for every time a person drives a car on the highway, if he is a reasonable person, he knows that he is taking a calculated risk. We hold that there must be some element of acceptance of the defendant's negligence which indicates a willingness on the part of the plaintiff to take his own chances as far as the particular risk created by such negligence is concerned." City of

Tucson v. Holliday, 3 Ariz.App. 10, 411 P.2d 183, 190 (1966)

■ The Latin expression which is the synonym for this doctrine, "volenti non fit injuria" [1] brings into the assumption of risk concept what this court considers to be an essential element of the doctrine, that is, there must be some kind of *consent* on the part of the injured person. We are here not dealing with a possessor's liability for the condition of land or chattels, but the conduct of the defendant which is alleged to have negligently injured the plaintiff. Here, then, in order for the doctrine to apply, there would have to be the required degree of implied consent to the particular negligent conduct which is the predicate of the plaintiff's cause of action.

The element of subjective consent we find totally lacking from the instructions requested by the defendant. The requested instruction would have informed the jury that one who " * * * voluntarily places himself" within a known area of danger, without more, assumes the risk of his own injury and is " * * * not entitled to recover * * * " damages for his injury.

■■ Ordinarily, if a requested instruction is erroneous, this court will not consider the refusal to give the instruction to be reversible error. O'Rielly Motor Co. v. Rich, 3 Ariz.App. 21, 411 P.2d 194 (1966). Occasionally, our Supreme Court has reversed for the giving or the failure to give an instruction for " * * * fundamental and reversible error * * * ," even when a proper record was not made in the lower court. Trojanovich v. Marshall, 95 Ariz. 145, 146, 388 P.2d 149, 150 (1963).

■ We do not believe that such a degree of fundamental error has been committed in this case. In Holliday, supra, we noted that there is some overlapping of the doctrines of contributory negligence and assumption of risk.

This court considers it to be significant that the defendant had no objection to the giving of an instruction to the jury that the only issues involved in this case were those of defendant's negligence, its proximate result, plaintiff's negligence, and its proximate result. The jury was instructed, without objection from the defendant, that if these four issues were resolved in plaintiff's favor: " * * * you then must fix the amount of plaintiff's damages and return a verdict in his favor."

■■ Nor was there any objection by the defendants to the pretrial order, which stated: "That matters at issue are negligence and a general denial thereof; * * ." As pointed out in Holliday, the "four issues" instruction is not compatible with a separate defense of assumption of risk. The pretrial order· which governed the trial of the case, Loya v. Fong, 1 Ariz. App. 482, 404 P.2d 826 (1965), is likewise incompatible with a separate defense of assumption of risk. The absence of any discomfiture on the part of the defendants with this pretrial order and this most important jury instruction, which were the blueprints of this litigation for the court and jury, indicates that the law of contributory negligence substantially encompassed the defense desired to be presented as far as this case was concerned. Accordingly, this court sees no fundamental error in giving only the contributory negligence instructions.

We now consider the contention that the verdict reached by the jury is excessive, viewing the evidence in a light favorable to the substantial verdict rendered. As a result of the accident in question, the plaintiff sustained a crushed rib cage, a compound fracture of the lower left leg, and multiple contusions. The left leg did not heal in proper place, but in an offset position with a noticeable deformity.

1. Translated in Black's Law Dictionary (4th ed. 1951): "He who consents cannot receive an injury."

The leg was between three-eighths and one inch shorter after the accident. The plaintiff's right ankle had been broken many years before the accident in question and by reason of the additional strain placed upon it by the disability to the left leg was causing the plaintiff pain and further disability. Previous to the accident, the plaintiff had been overseeing a cattle ranch operation and doing generally the strenuous work of a rancher and cowhand. The plaintiff was hospitalized for five weeks after the accident an was on crutches for some eight months thereafter. At the time of the trial the plaintiff was limping, was suffering considerable pain, had swelling in his lower extremities, was more subject to severe colds, was having breathing difficulties, was experiencing general physical weakness, and was no longer able to do the more strenuous work of a rancher and cowhand. There was evidence that the average income from his ranch had substantially decreased since the accident. Doctors who testified indicated that there would be no substantial amelioration of the plaintiff's condition in the future. His life expectancy accordingly to standard tables was 15.77 years. The injuries involved, particularly the crushed rib cage and a punctured lung, together with a compound fracture of the leg, were extremely painful. The plaintiff's ordeal was augmented by the considerable time needed to bring him from the place of the accident to a hospital in Phoenix where adequate medical treatment would be commenced.

The court below has refused to exercise its discretionary powers to grant a remittitur or a new trial. Rule 59(i) Rules of Civil Procedure, 16 A.R.S. The trial court has a better opportunity to judge the severity of a plaintiff's injury than an appellate court, reviewing a cold record. Any indication in the record before us that the amount awarded by this jury was overgenerous is not so cogent and clearly apparent as to cause us to override the judgment of the trial court. Young Candy & Tobacco Company v. Montoya, 91 Ariz. 363, 370, 372 P.2d 703, 707 (1962).

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.