421 P.2d 917

**John E. LEWIS and Nancy Lewis, his wife, Appellants,**

**v.**

**Ed SIRIA dba Siria Plumbing and Heating, Appellee.**

**No. 2 CA–CIV 209.**

Court of Appeals of Arizona.
Dec. 30, 1966.
Rehearing Denied Feb. 2, 1967.
Review Denied March 14, 1967.

Moore, Vlahovich & Greenwood, by Daniel E. Moore, Bisbee, for appellants.

Gentry, McNulty & Toci, by Philip E. Toci, Bisbee, for appellee.

KRUCKER, Chief Judge.

This is an appeal from a judgment of the Superior Court of Cochise County which decreed a materialman's lien in favor of the plaintiff below, Ed Siria, against the defendants, John E. and Nancy Lewis, and

foreclosed the same. The action was based upon plumbing work done on the Lewis property under a contract between the plaintiff, Siria, and a contractor, A. H. Rader, who has been adjudged a bankrupt. Appellants Lewis contend that the judgment was improper under the pleadings, which they claim alleged only a personal contract; and that since a personal contract was not proved at the trial, foreclosure of the lien was erroneous.

In order to understand the issues presented by this appeal, it is necessary to set out, in some detail, the complaint and the pre-trial order.

On February 17, 1965, appellee, Ed Siria dba Siria Plumbing and Heating, filed a complaint in the Superior Court of Cochise County entitled "Complaint To Foreclose Lien". After identifying the plaintiff and the defendants Lewis, the complaint went on to describe the property owned by the defendants upon which the lien was claimed. Paragraph III of the complaint alleged that the Lewises " * * * on or about March 20, 1964, entered into a *certain contract or agreement* with ED SIRIA, dba SIRIA PLUMBING AND HEATING, whereby the latter was to furnish labor and materials used in the plumbing and installation of fixtures and appliances situated in the building constructed upon the above described property." (Emphasis added.)

Paragraph IV of the Complaint alleged that Siria did furnish labor and materials " * * * at the instance and request of the defendants, * * * that the said defendants *agreed* to pay this plaintiff the value of labor and materials used in the plumbing and installation of fixtures, to wit: the sum of $2039.66, at the time said labor was performed and said materials were so delivered." (Emphasis added.)

The other parts of the complaint relevant to this appeal alleged that notice and claim of lien had been recorded against the defendants pursuant to A.R.S. § 33–981, that the entry contained a typographical error; and that an amended notice and claim of lien had been recorded in the Cochise County Recorder's office.

The prayer asked: $1319.66, the amount unpaid under the alleged contract; certain sums for recording the lien and searching the defendants' title; and that such sums be adjudged to be a lien upon the premises. In addition, the complaint asked that any interests of other parties be adjudged; that the land be sold and the proceeds be applied to pay the plaintiff's claim; that the plaintiff have a deficiency judgment against the defendants personally for any amount not covered by the requested forced sale; and for such other relief as the court might deem just.

The defendants' answer admitted " * * * that plaintiff furnished labor and materials used in the plumbing and installation of fixtures and appliances situated in the building constructed upon the property described in plaintiff's Complaint." The answer went on to state:

"III

"Defendants do not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the Complaint and therefore deny the same."

The defendants prayed:

"1. That the Court determine the exact nature and terms of the contract referred to in paragraph III of the Complaint."

The pre-trial date was set for September 27, 1965. On September 20, 1965, a substitution of defendants' attorneys took place. Also, on September 24, 1965, both sides exchanged pre-trial memoranda.

Plaintiff Siria's pre-trial memorandum alleges the furnishing of labor and materials as in the complaint, and then goes on to state:

"(b) The reasonable value of the labor done and materials furnished in connection with the items set forth in paragraph (a) above, is in the total amount of $2,039.66 of which the sum

of $720.00 has been paid on account, leaving a balance of $1,319.66.

"(c) That the labor done and materials furnished was done at the instance and request of either the owner of the building and land upon which the said building was constructed, or by his agent, A. H. RADAR."

The plaintiff also stated in his paragraph IV his intention of offering the deposition of A. H. Rader, attached thereto:

"(c) Itemization of labor done and materials used and the reasonable value of said labor and materials, prepared by A. H. Rader * * *"

Defendants' pre-trial memorandum stated in relevant part:

"I

"NATURE OF ACTION

"The nature of this action is to foreclose materialmen's liens against certain properties owned by the Defendants LEWIS. The defendants LEWIS deny the legal efficacy of these liens and the attendant right of foreclosure."

On the day set for the pre-trial conference the primary attorneys on both sides were ill. They jointly requested that the trial judge vacate the pre-trial date. He refused to do this, and as a consequence, the parties were represented by attorneys who were unfamiliar with the details of the case.[1] With little help from these lawyers, the trial judge drew mainly upon the pleadings and the pre-trial memoranda in

formulating the pre-trial order, the relevant parts of which are:

"1. NATURE OF ACTION:

"Plaintiff sues defendants asserting a claim for labor and materials furnished in connection with certain plumbing work on premises alleged to be owned by the defendants Lewis in connection with the installation of a water system and a swimming pool; part of plaintiff's claim may be based upon a contract for a definite contract price and part for additional services and materials furnished which may put the plaintiff in the position of having a claim for a reasonable amount of the labor and materials furnished over and above the contract.

*     *     *     *     *     *

"In pre-trial conference, plaintiff claims total amount of labor and materials in the sum of $2,039.66, acknowledging that $720.00 has been paid on account and is asserting a claim for the balance due of $1,319.66.

*"Plaintiff claims that this work was done at the special instance and request of either the contractor on the job, A. H. Rader, or, at least to the part covered by the written contract, that the same was made between plaintiff and the defendants Lewis.* (Emphasis added.)

*     *     *     *     *     *

"Defendants Lewis deny 'the legal efficacy' of the asserted liens.

*     *     *     *     *     *

"5. ISSUES OF FACT REMAINING TO BE LITIGATED:

It does not appear from the record when the attorneys determined that illness would prevent them from attending the pre-trial conference or when the request to vacate was made. We note in passing, however, that it seems to be rather widespread practice for attorneys to take pre-trial proceedings too lightly rather than coming to conferences prepared to define the issues in the manner which was intended by the framers of the Federal Rules of Civil Procedure, from which we draw our own Rules.

---

1. It is to be noted that Rule 6, Uniform Rules of Practice of the Superior Court of Arizona (as amended to September 1, 1965), 17 A.R.S., states in part:
    "(b) Appearances and exhibits. Each attorney who will actually try the case shall attend the pretrial conference * * *. However an attorney, who is not expected to try the case may attend as attorney for a party, and he shall have a thorough knowledge of the case, be prepared to discuss it, and shall have complete authority to make stipulations, admissions or settlement, where appropriate."

"(1). Was there a contract between plaintiff Siria and Defendants Lewis with respect to some of the services rendered and materials furnished on the premises, and, if so, what was the contract price?

"(2). Did plaintiff Siria perform any services and furnish labor and materials either at the request of the defendants Lewis or at the request of their agent with respect to additional work and materials over and above that included in the contract, if any, and, if so, what was the reasonable value of said services and materials furnished?

\*    \*    \*    \*    \*    \*

"(5). Did the plaintiff Siria, defendant Lumber Distributors, Inc., and defendant Andrews perfect their claim for materialman's lien in accordance with the law of Arizona?

"(6). Was the defendant A. H. Rader the agent for the defendants Lewis under the Arizona labor lien statute?

"6. ISSUES OF LAW REMAINING TO BE LITIGATED:

"The law of mechanic's and laborman's lien; *if services were furnished and the materials supplied other than by a direct contract with the owner of the premises, the reasonable value thereof;* the contract law involved if the contract was direct with the owner of the premises, Lewis; and the general labor lien law involved in this situation. (Emphasis added.)

"7. EXHIBITS:

"Plaintiff Siria:

\*    \*    \*    \*    \*    \*

"3. Bid proposal of Siria Plumbing, plaintiff, for the work to be done on the premises which is attached as Exhibit A to the original deposition of Arthur H. Rader, which is on file with the clerk of the court and which will remain attached to the deposition; the same may be marked in evidence in so far as the defendant Lumber Distributors, Inc., and Andrews are concerned; same is objected to by defendants Lewis.

"4. *Itemization of labor done and materials furnished and the reasonable value of same prepared by A. H. Rader attached to the deposition of Rader as Exhibit B; same may be marked in evidence in so far as defendants Lumber Distributors, Inc., and Andrews are concerned; same objections by defendants Lewis.* (Emphasis added.)

"5. Invoices and statements prepared by Siria Plumbing in connection with labor performed and materials furnished on the job over and above the basic contract price of $1,195.00; \*  \*  \*"

During the course of the trial, the plaintiff introduced evidence on the filing of the lien and of the circumstances whereby Siria agreed with Rader to do the plumbing work. There was a great deal of testimony as to the cost of various elements of the job. Plaintiff's final witness was the contractor, A. H. Rader. He was asked to identify Plaintiff's Exhibit 17, which was a purported written agreement between Siria and Rader covering " \* \* \* the plumbing costs on the Lewis residence including the base bid, the extras that were to have been charged to me by Mr. Siria, and the extras that were to have been charged to Mr. Lewis."

At this point, the defendants' attorney, Mr. Whitney, made the objection which illustrates the basic issue in this appeal:

"MR. WHITNEY: Your Honor, I will object on the grounds that these exhibits are immaterial. This is a lawsuit between Mr. Siria and the Lewises purporting to be on the basis of a contract, at least that is the reference made in the complaint as well as the findings of the Court in pretrial and all pertinent documents.

\*    \*    \*    \*    \*    \*

"THE COURT: Now, this is the point that the Court was getting at in the pretrial order because the Court couldn't tell from counsel, not the fault of counsel, but the Court just couldn't tell at the pretrial conference whether there was a personal contract between the Lewises

and Mr. Siria or whether this was a bid accepted by the prime contractor.

\* \* \* \* \* \*

"MR. MOORE: Well, we will object to the statement of the issues; the reasonable value is not within the issues provided by the pleading.

"THE COURT: Well, I think it's within the issues of the pretrial memorandum and of the pretrial order.

"Have you stated all your objections to the exhibits?

\* \* \* \* \* \*

"THE COURT: Well, I understand this exhibit is being offered for the purpose of showing the reasonable value of the labor and materials furnished by the Plaintiff Siria; is that it?

"MR. TOCI: That's right, your Honor."

Over defendants' objection, the plaintiff was allowed to introduce oral and documentary evidence bearing upon reasonable value. At the conclusion of the plaintiff's case, the defendants moved for entry of judgment for failure to prove because "the existence of a contract between plaintiff and the defendant has not been established. The statutory agency of a general contractor is not sufficient to establish any authority on his part to bind the defendants Lewis by a contract." This motion was denied; the court reiterating its belief that the pretrial order was broad enough to encompass the proof. There was some further argument on this point, but no evidence was offered by the defendants. No amendment of the pleadings was offered, and the case was taken under advisement.

On November 15, 1965, the court gave judgment which decreed that the plaintiff have a mechanic's lien upon the property of the defendants in the sum of $1,319.66 plus costs; that the lien was foreclosed; and that the property should be sold. Findings of fact and conclusions of law, as requested by the defendants, accompanied the judgment. They reflected the proof as offered by the plaintiff to the effect that there was no contract between the plaintiff and the defendants, but that the plaintiff did furnish labor and materials to the defendants by agreement with A. H. Rader, and that A.R.S. § 33–981 permitted the plaintiff's recovery for their reasonable value.

▇ Appellants do not contest that under A.R.S. § 33–981, Siria filed and perfected his lien within the statutory time; nor that A. H. Rader became the Lewises' agent under it. Rather, they contend that the judgment of foreclosure was improper under the pleadings which alleged that they "\* \* \* entered into a certain contract or agreement with ED SIRIA. \* \* \*" If this case had been tried under the pleadings alone, any evidence offered to show reasonable value might have been inadmissible; and any judgment based upon such proof would possibly have been erroneous. See, e. g., Guldberg v. Greenfield, Iowa, 146 N.W.2d 298 (1966); Campbell v. Hollywood Race Ass'n, 54 N.M. 260, 221 P.2d 558 (1950). However, the trial judge correctly determined that the pre-trial order superseded the pleadings. Loya v. Fong, 1 Ariz.App. 482, 404 P.2d 826 (1965). Since this is so, the only question presented to be determined on appeal is whether the pre-trial order was broad enough to allow recovery for the reasonable value of the plaintiff's services and materials under A.R.S. § 33–981.

▇ We believe that it was indeed broad enough to raise the issue. The circumstances of the pre-trial conference were less than ideal for a crystallization of the issues in the manner intended by the framers of the Rules of Civil Procedure. It certainly would have been desirable if the attorneys representing the parties at the conference had been familiar with the case. As it happened, the conference was largely a waste of time. The trial judge was forced to formulate an order from the pleadings and memoranda; and that order stated, in part, that "plaintiff claims that this work was done at the special instance and request of either the contractor on the job, A. H. Rader, or at least to the

part covered by the written contract, that the same was made between plaintiff and the defendants Lewis." And further, under "ISSUES OF LAW REMAINING TO BE LITIGATED", " * * * if services were furnished and materials supplied other than by a direct contract with the owner of the premises, the reasonable value thereof; * * *."

On the construction of pre-trial orders it has been recently stated:

"But, while the pre-trial order should measure the dimensions of a lawsuit and govern its course in the absence of some good reason for departure, this does not mean that the order should not be liberally construed to embrace all of the legal and factual theories inherent in the issues defined therein. Any other construction of the pre-trial order would tend to unduly constrict the trial of the case and defeat the central and salutary purpose of the Federal Rules of Civil Procedure to insure the trial of every lawsuit on its merits. It is a procedural tool to facilitate the trial of a lawsuit on its merits and not to defeat it on a technicality. We must not allow ourselves to construe the pre-trial order in the spirit of a common law pleading." Century Refining Company v. Hall, 316 F.2d 15, 19–20 (10th Cir. 1963).

It is possible that the references in the pre-trial order to "additional work" might have caused some confusion; certainly, plaintiff should have amended his pleadings before trial, or at least during trial, to conform to the proof; but if defendants had been actually confused as to what they would be called upon to prove, it would have been possible for them to take certain ameliorative actions. For instance, the agreement or contract alleged in the plaintiff's complaint could have been denied positively; the defendants could have asked for a more definite statement under Rule 12(e), Arizona Rules of Civil Procedure, 16 A.R.S.; or the pre-trial order could have been amended at the request of the parties. Harbel Oil Company v. Steele, 1 Ariz.App. 315, 402 P.2d 436 (1965).

We do not cite these remedies in order to excuse the plaintiff's failure to amend his pleadings; rather, we think failure of the defendants to take such remedial action tends to show a lack of confusion on their part or a desire to take advantage of a technicality in order to prevail in this action. Even if no pre-trial order had been entered, it is doubtful that the defendants have shown such prejudice because of the faulty pleadings as to entitle them to reversal.[2] See Harmon v. Hanson's Pump & Machine Works, Inc., 4 Ariz. App. 107, 417 P.2d 741 (1966), which holds that " * * * a variance between the proof and pleadings is insufficient as a basis for a reversal by this Court without a showing of prejudice to the adverse party. A variance is fatal only where it has misled or may serve to mislead the adverse party."

We believe that this lack of prejudice is illustrated by a recent California case, B. C. Richter Contracting Co. v. Continental Casualty Co., 230 Cal.App.2d 491, 41 Cal. Rptr. 98, 105–106 (1964), in which the pleadings were proper but the pre-trial order misstated the issues:

"The pretrial orders mistakenly shifted the theory to the false one of quantum meruit or reasonable value. The pretrial orders, of course, fixed the actual issues and superseded inconsistent pleadings. * * * In one sense, the judgment under attack correctly reflects the view that plaintiffs were not entitled to recover on the reasonable value issue framed by the pretrial orders. Given that effect, the pretrial orders would confine plaintiffs to a narrow road leading fruitlessly to an unavailable objective. We reject such a

2. On page 205 of the trial transcript, it appears that defense counsel argued to the court concerning the plaintiff's pleading of a personal contract: "We didn't think that's what the case was about, but apparently the plaintiff did not agree."

**490**

rigorous application of the pretrial orders.

\* \* \* \* \* \*

"In the present case the shift from a correct to an incorrect theory of recovery was more verbal than real. The general set of facts warranting recovery would be the same no matter what the legal theory. \* \* \* Although expressed as a vital distinction of contract law, the shift had the net result of substituting one scale of damages for another. There was no variance in the sense that defendants became vulnerable to unexpected evidence or unanticipated contentions."

In the instant situation, of course, we have an improper complaint followed by a correct, if rather broad, pretrial order. We believe that the defendants Lewis, under the reasoning of the above-quoted cases, where they had the pre-trial order, copies of the plaintiff's pre-trial memorandum, and his exhibits, cannot, a fortiori, claim the sort of prejudice which would require reversal.

The judgment is affirmed.

HATHAWAY and MOLLOY, JJ., concur.