454 P.2d 586

**Vera M. CALDERON, Appellant,**

**v.**

**Leonard P. CALDERON, Appellee.**

**No. I CA–CIV 513.**

Court of Appeals of Arizona.

May 20, 1969.

W. Francis Wilson, Phoenix, for Vera M. Calderon.

Leo F. Corbet, Jr., Phoenix, for Leonard P. Calderon, Jr. Administrator of the Estate of Vera M. Calderon, Deceased.

Estrada & Matz, by Arthur E. Ross, Phoenix, for appellee.

STEVENS, Judge.

The basic issue presented on this appeal is whether a pretrial order, which requires that all exhibits be produced not less than five days prior to trial, is binding upon a wife in a divorce action, thereby precluding the admission of a deed which was not produced in accordance with the pretrial order. The deed purports to establish certain property as being the separate property of the wife and not community property as previously alleged by the wife and admitted by the husband.

Vera M. Calderon, now deceased, brought an action against her husband, Leonard P. Calderon (hereinafter referred to as defendant), for separation from bed and board. The action was commenced on 7 February, 1963. Defendant filed an answer and a counterclaim for an absolute divorce, and Mrs. Calderon replied to the defendant's counterclaim. On 9 September, 1965, counsel for Mrs. Calderon moved to withdraw as counsel on the grounds that other counsel had been representing Mrs. Calderon since June, 1964. On 18 October, 1965, the trial court, by minute entry order granted the motion to withdraw and continued the pretrial conference until 8 November, 1965. On 26 October, 1965, counsel for defendant filed an inventory and appraisal of the community property held by the parties as required by A.R.S. § 25–316. This included all of the property which is the subject of this opinion. The affidavit attached to the inventory and appraisal recites the mailing thereof to an attorney who had not theretofore appeared of record as representing Mrs. Calderon. The record is silent as to when Mrs. Calderon's second attorney withdrew. The pretrial conference was held on 8 No-

vember, 1965, as scheduled. At the conclusion of the pretrial conference the Court entered a minute entry pretrial order which, among other things hereinafter discussed, permitted Mrs. Calderon to amend her complaint to seek an absolute divorce and deleted child custody as an issue to be tried, the child having become emancipated. The case came on for trial to the Court sitting without a jury on 27 January, 1966, and resulted in a "Brown decree" of divorce. See Brown v. Brown, 38 Ariz. 459, 300 P. 1007 (1931). Mrs. Calderon thereafter moved for a new trial, the motion was denied, and a notice of appeal was timely filed bringing the case before the Court of Appeals.

Subsequent to the perfecting of this appeal but prior to oral argument Mrs. Calderon died. Defendant thereafter filed a motion to dismiss the appeal on the grounds that the personal representative of Mrs. Calderon had not been substituted as appellant during the interim period. Counsel who had represented Mrs. Calderon in the trial court thereupon filed a motion for substitution of the personal representative of Mrs. Calderon as appellant. In this motion it was urged that the appeal was not rendered moot by reason of the death of Mrs. Calderon, that counsel filing the motion was not representing the personal representative of the estate of Mrs. Calderon, and that he was willing to complete the appeal in cooperation with the counsel for the personal representative. On 18 April, 1969, counsel for the personal representative filed a document with this Court wherein the personal representative consented to be substituted as the appellant in the matter.

Appellant's primary contention on appeal is that the trial court failed to make an equitable distribution of the community property held by the parties during their marriage. Appellant first contends that the trial court erred in refusing to admit in evidence a deed and a disclaimer which purported to convey certain real property to Mrs. Calderon as her sole and separate

property. It is urged by appellant that by reason of the exclusion of this evidence Mrs. Calderon was not awarded an equitable share of the community property by the Court's decree, because the property which was the subject matter of the deed was treated as part of the community property of the parties in the Court's division of the community property.

During their marriage the Calderons acquired two separate parcels of real property. One parcel, hereinafter referred to as the residence property, consisted of a lot and a house situated thereon which was occupied by the parties as their residence, and an adjoining lot which faced on South Central Avenue. The residence was the subject of the deed and disclaimer. The residence was awarded to Mrs. Calderon. The other parcel, hereinafter referred to as the business property, consisted of five adjoining lots and a building which was utilized in connection with the operation of a bar and ballroom. This business was owned by the parties and operated by the defendant and his son. The business property and the business were awarded to the defendant.

Mrs. Calderon's complaint, her amended complaint, as well as defendant's answer and counterclaim all alleged that the residence and the business property were held in community. The pretrial memorandum submitted by counsel for Mrs. Calderon also alleged that the property acquired by the parties was community property. The minute entry pretrial order of the court reads in part as follows:

"IT IS FURTHER ORDERED that if either counsel has additional exhibits which he intends to offer, he will make said exhibits available to opposing counsel no later than five (5) days prior to trial and failure to do so will be grounds for refusing to admit said exhibits."

The deed to Mrs. Calderon and the defendant's disclaimer were offered in evidence. The defendant's objection based upon the pleadings, the pretrial memorandum and the pretrial order was sustained.

The trial court indicated that there was no showing made justifying a deviation from the pretrial order. Mrs. Calderon's attorney failed to present reasons for being relieved from the pretrial order.

Rule 16, Arizona Rules of Civil Procedure, 16 A.R.S., relates to pretrial procedure and provides for a pretrial conference between the court and counsel for the parties for the purpose of simplifying issues, amending pleadings, and any other matters which may be helpful in the disposition of the action. The Rule further provides:

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. The order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

Rule 16 is implemented by Rule VI(c) Uniform Rules of Practice, 17 A.R.S., which enumerates the specific matters to be set forth in the Court's pretrial order. Included therein is:

"(7) A list of the exhibits marked for identification, listing those which may be received in evidence by consent and those to which it is stipulated no objection will be made on grounds other than irrelevancy or immateriality."

■ The purpose of the pretrial conference and subsequent pretrial order of the court is to simplify the issues after the parties have completed all discovery procedures. Loya v. Fong, 1 Ariz.App. 482, 404 P.2d 826 (1965). It has been held that a pretrial order is binding at the trial unless modified by the Court to prevent manifest injustice. Loya; Wright v. Demeter, 8 Ariz.App. 65, 442 P.2d 888 (1968); Lewis v. Siria, 4 Ariz.App. 484, 421 P.2d 917 (1967); Moore v. Gray, 3 Ariz.App. 309, 414 P.2d 158 (1966).

■ We are of the opinion that the present case is governed by Rule 16 and the cases cited. From the time Mrs. Calderon instituted her action against defendant until the commencement of the trial, it was agreed by the parties that the residence property was held as community. Although Mrs. Calderon was represented by three different counsel during the history of the action, the record indicates that counsel representing her at the trial came into the action almost three months prior to commencement of the trial. The deeds sought to be introduced by counsel for Mrs. Calderon were recorded on 21 October, 1951. The trial court afforded counsel for Mrs. Calderon the opportunity at the trial to explain why he was unable to present the deeds to defendant's counsel as required by the pretrial order. The explanation was not provided. Nor did counsel move to have the pretrial order amended to enlarge the issues for the purpose of raising the question whether the residence property was the separate property of Mrs. Calderon or the community property of the parties. Under these circumstances, we believe the pretrial order was controlling and the trial court acted properly in excluding the deeds of conveyance and disclaimer.

Appellant next contends that the award of both the business property and the ballroom business to defendant resulted in an inequitable distribution of the community property. It is suggested by appellant, as it was in the trial court, that the court should have awarded the ballroom business to the defendant and should have awarded the business property to the defendant and Mrs. Calderon as tenants in common, with the right of defendant to lease the business property so that he could continue to operate the business.

■ We cannot agree. Although the evidence adduced at the trial in relation to the value of the community property of the parties was lengthy, and at times confusing, we believe that the fair interpretation of the evidence discloses that the value of the residence property was slightly greater than the value of the business property when the encumbrances and debts against the business are considered. We hold that the record supports the trial court's distribution of the community property as being equitable.

■ Moreover, even if it be assumed for the sake of argument that a greater portion of the community property was awarded to defendant as a result of awarding him the business and the business property, we would still be unable to agree with appellant's suggestion that the business property be awarded to both parties as tenants in common with the defendant having the right to lease the same for the purpose of operating his business.

A.R.S. § 25–318, subsec. A relates to the division of community property and provides that:

"On entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, * * *."

■■ In construing this provision, the courts have held that the question of division of community property rests within the sound discretion of the court. Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239 (1964); DeMarce v. DeMarce, 101 Ariz. 369, 419 P.2d 726 (1966); Nace v. Nace, 104 Ariz. 20, 448 P.2d 76 (1968). While it is true that the Court may not exercise this discretion in such manner as to reward one spouse and punish the other, Britz v. Britz, 95 Ariz. 247, 389 P.2d 123 (1964), it is equally true that the court is not prohibited from awarding a greater portion of the community property to one spouse than the other, and such an uneven distribution will not be upset unless inequitable under the circumstances. Matlow v. Matlow, 89 Ariz. 293, 361 P.2d 648 (1961); Nace.

In the instant case it was established at the trial that the primary differences of the parties which led to the divorce proceeding were attributable to disputes between the parties in relation to the opera-

tion of the business. There was ample evidence from which the trial court could conclude that the plan of distribution suggested by appellant would not only perpetuate the conflict between the parties, but would also be detrimental to the continued operation of the business.

Judgment affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.