586 P.2d 651

**Lois A. McCUNE, Appellant,**

v.

**Alfred L. McCUNE, Appellee.**

**No. 2 CA–CIV 2859.**

Court of Appeals of Arizona,
Division 2.

July 25, 1978.

Rehearing Denied Sept. 13, 1978.

Review Denied Oct. 5, 1978.

Stuart Herzog, Tucson, for appellant.

J. Emery Barker, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal from portions of the judgment decreeing a property division between the parties in their dissolution action, is back before us after remand in *McCune v. McCune,* Memorandum Decision, 2 CA-CIV 2164, filed February 28, 1977. The difficulty arises from the following two paragraphs explaining the error as we saw it in the initial appeal and which served as the basis for ". . . remand for further proceedings consistent with this opinion".

"Appellant argues that instead of giving her 50% of the community stock in A. L. McCune Dry Wall Co., Inc., the court should have determined the value of the company and distributed her share in cash or property. She contends that although it appears she received a greater share of the property, her share is reduced and appellee's share is increased by the fact that her stock in the dry wall company is worth much less than his. There is uncontroverted testimony that appellee controls the dry wall company. Mrs. McCune has not been closely involved in the operation of the business. Her stock constitutes a minority share in the business and therefore has little, if any, marketability. As a stockholder, she is at the mercy of appellee and the other two stockholders. She will have no control over the management of the business. She has no means of enforcing any right she may have to receive dividends except through litigation.

In view of the disparity between the value of appellee's interest in the business which appears to be substantial in view of the apparently successful nature of the business, and the value of the stock awarded to appellant, we conclude that the trial court abused its discretion. Appellant should receive the value comparable to the value of the stock received by appellee.[1] She should be awarded cash equal to one-half the McCune's 76% interest in the business to be paid in such installments as the trial court deems equitable. The trial court should impose a lien upon appellee's other property in order to ensure payment.

[1] The trial court is not required to give Mrs. McCune an interest in the business. This she does not want and lacks the ability to keep it operating successfully. *Nace v. Nace,* [104 Ariz. 20, 448 P.2d 76] supra; *Spector v. Spector,* [94 Ariz. 175, 382 P.2d 659] supra; *Calderon v. Calderon,* 9 Ariz.App. 538, 454 P.2d 586 (1969)."

Upon remand, appellee filed a motion in limine to restrict the determination of the issues before the court to the following:

"What is an appropriate sum to be paid monthly by Alfred E. McCune to Lois A. McCune to purchase her $127,190.00 share of the 16,800 shares of stock in A. L. McCune Dry Wall Co., Inc.?"

Appellee expressed in the motion a belief that appellant might attempt to reopen and relitigate the question of the value of the shares of the corporate stock.

After taking the motion under advisement, the court ruled:

"The Court finds from its extensive notes that it has sufficient competent evidence from which an evaluation of the corporate shares of stock may be determined. The Court grants the Respondent's Motion in Limine."

Although the motion in limine treated the value of appellant's share of the stock as $127,190.00, the trial court specifically expressed its preparedness to evaluate the stock from its notes based upon evidence adduced at trial. Thus, there was no requirement that the court take additional evidence on its value. Appellant's position

is and has been throughout these proceedings that the value of the corporation was more than book value and appellee has contended that it was less. Its prima facie value is its book value. *American Surety Company of New York,* 95 Ariz. 271, 275, 389 P.2d 266 (1964). The record amply supports the court's acceptance of book value.

■ Appellant contends she should have been assigned community real property in part payment of her share of the value of the business. This was an option open to the trial court in making an equitable property division, but we find no abuse in the court's not choosing to make such an assignment.

■ The amended decree of dissolution provides that appellant's interest in the corporation is to be purchased at the rate of $650 per month until the sum of $127,190.00 is paid in full. She contends that she should receive interest on the unpaid principal balance from the date of the original decree, January 5, 1976. We agree. Interest for any legal indebtedness shall be at the rate of 6% per annum, unless otherwise provided. A.R.S. § 44–1201. In the absence of a provision for interest on the deferred amount, appellant is forced to make an interest-free loan to appellee. This we deem inequitable in effectuating a division of community property. The amended decree is ordered modified to provide interest on the unpaid principal balance at the rate of 6% per annum. Payments are to be credited first to interest and then to principal.

■ Appellant raises for the first time on appeal the issue of whether the trial court's use of the word "purchase" in referring to the stock transaction between the parties was improper. Since no objection was made in the trial court, we will not consider it on this appeal. *Miller v. Boeger,* 1 Ariz. App. 554, 405 P.2d 573 (1965).

The amended decree is affirmed as modified.

RICHMOND, C. J., and HOWARD, J., concur.