GRANT, Judge,
concurring in part, dissenting in part:
Although I concur with the majority as to the disposition of all other issues I disagree on the question of interest. It is my opinion that the interest should run from the date of the dissolution. The husband has had the use of and the beneficial interest from the farm which has been in his possession throughout the duration of these legal proceedings — through the first appeal, the retrial on remand and this, the second appeal. The interest on the second judgment should begin to run from the date the parties’ marriage was dissolved.
This question is one which has long been, neglected by both the bench and the bar in Arizona. The cases cited in the majority opinion are of little help since they are not dissolution cases. The judgment in this case was not of a “res — creating” nature, it did not fix for the first time the value of the interest harmed or damages sustained. The judgment merely returned to the wife that which was already hers. In such a case the interest should run, not from the time when the exact amount of such property is determined, but from the date of entry of the decree of dissolution which separates the property interests of the two parties. It should be remembered that these property interests existed before the dissolution and have continued to exist throughout these proceedings. It is from the dissolution date forward that the husband in possession of the property has been unjustly enriched with the consequent denial of possession and enjoyment of the property to the wife.
After the decree of dissolution the retention by one spouse of property belonging to the other is wrongful and equity demands that a remedy be provided therefor. Accordingly, it is appropriate in a dissolution case to award prejudgment interest, that is interest from the date the marriage was dissolved regardless of the date when the property division is reduced to an exact figure in dollars and cents. In this situation prejudgment interest is not a penalty but is money paid for the use of money.
Recognition of the right to interest from the date of the dissolution of the marriage *76 is based on sound principles of equity and justice. Beneficial effects of such a recognition might well be: (1) to give plaintiffs recompense for lost possession and enjoyment of their property, (2) to require defendants to pay for the use of money which they are ultimately required to pay by judgment and from which they have made financial profit, (3) to make it less profitable for defendants to delay the resolution of dissolution cases for as long as possible which gains them the free use of their spouse’s money and property in the interim, and (4) to encourage settlements which may be an effective means of expediting court calendars.
The United States Supreme Court said in regard to prejudgment interest in a divorce action in De La Rama v. De La Rama, 241 U.S. 154, 36 S.Ct. 518, 60 L.Ed. 932 (1916), referring to the date of the divorce decree:
But that was the day at which, but for the delays of the law, the wife would have received her dues, the husband has had the use of the money meanwhile, and we are not prepared to say that it was not at least within the sound discretion of the court to allow the charge, notwithstanding the success of the husband in reducing the amount on appeal.
Division Two of this court has allowed interest on the purchase of the wife’s share of stock from the date of the original divorce decree. In McCune v. McCune, 120 Ariz. 402, 586 P.2d 651 (App.1978), the court said, speaking of the wife:
She contends that she should receive interest on the unpaid principal balance from the date of the original decree, January 5, 1976. We agree ... in the absence of a provision for interest on the deferred amount, appellant is forced to make an interest free loan to the appellee. This we deem inequitable in effectuating a division of community property.
Similarly in the case of Johnson v. Johnson, 250 Minn. 282, 84 N.W.2d 249 (1957), the court held:
It is equally well settled that interest may be charged on an alimony judgment from the date of the original award, for to hold otherwise would permit the judgment debtor to delay an appeal until the prevailing party settled for less than the whole award. The plaintiff has had the use of the money rightfully belonging to defendant since February 21, 1947, [date of original divorce decree] and we see no reason to overturn the trial court’s decision allowing interest from that date. To withhold the use of the money for a period of ten years without interest would lessen the amount of the award.
I would therefore affirm the trial court’s award of interest to the wife on her share of the community assets from the date of the original dissolution decree.