NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KYLE DALE VANDEN BOSCH, *Petitioner/Appellant-Cross Appellee*,

*v.*

LINDSEY PARK VANDEN BOSCH, *Respondent/Appellee-Cross Appellant*.

No. 1 CA-CV 16-0484 FC
FILED 11-30-2017

Appeal from the Superior Court in Maricopa County
No. FC2012-003520
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

The Cavanagh Law Firm, P.A., Phoenix
By Helen R. Davis, Timea R. Hargesheimer
*Counsel for Petitioner/Appellant-Cross Appellee*

Dickinson Wright PLLC, Phoenix
By Marlene A. Pontrelli, James S. Rigberg
*Counsel for Respondent/Appellee-Cross Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1        Kyle Dale Vanden Bosch ("Father") appeals the superior court's denial of his motion for new trial and the suspension of the accrual of interest on an attorneys' fees judgment against Lindsey Park Vanden Bosch ("Mother").    Mother has filed a cross-appeal challenging the lawfulness of the superior court's alcohol-testing and treatment orders and the award of attorneys' fees to Father.  For the following reasons, we affirm the superior court's award of attorneys' fees as modified.

**FACTUAL AND PROCEDURAL HISTORY[1]**

¶2        Mother and Father divorced in Tennessee in 2011, and Mother registered the resulting judgment, divorce decree, and child-custody determination in Arizona in 2012.[2]  The decree granted Mother primary physical custody of Mother's and Father's three minor children ("Children").

¶3        Father retired in 2013 and moved to modify child support and parenting time so he could spend more time with the Children.  The parties stipulated to equal parenting time later that year.

¶4        Approximately a year later, in May 2014, Father again moved to modify child support and parenting time.  The parties reached a settlement in February 2015, but the superior court later set the settlement aside at the parties' request.  It set an evidentiary hearing to consider the merits of Father's petition to modify child support and parenting time.

¶5        Following the three-day evidentiary hearing in April 2016, the superior court issued an order ("Order") finding Mother's actions and then-

---

[1]      We review the evidence in the light most favorable to upholding the superior court's decision.  *Baker v. Meyer*, 237 Ariz. 112, 113, ¶ 2 (App. 2015).

[2]      The state of Tennessee transferred jurisdiction of all further litigation to Arizona in July 2012.

existing personal circumstances constituted a substantial and continuing change of circumstances sufficient to justify modifying the previous custody order. The court found evidence sufficient to establish a rebuttable presumption that sole or joint legal decision-making authority by Mother was not in the Children's best interests under Arizona Revised Statutes ("A.R.S.") section 25-403.04, and it found Mother failed to rebut the presumption. On that basis, the court ordered Mother to complete an intensive inpatient or residential alcohol treatment program; participate in the Family Assessment, Counseling, and Testing Court ("FACT Court") program upon her completion of the inpatient program; continue random drug testing through TASC; and comply with all recommendations for treatment and care from the inpatient treatment program. Although the court found it was in the Children's best interests for Mother and Father to share joint legal decision-making, it also found it was in their best interests on an interim basis to award Father sole legal decision-making until Mother complied with the treatment and testing orders. The court accordingly ordered that joint legal decision-making would resume after Mother satisfactorily completed the required testing and treatment.

¶6        Regarding parenting time, the superior court found that, notwithstanding its award of sole legal decision-making to Father, Mother was "entitled to reasonable parenting time to ensure that the minor Children have substantial, frequent, meaningful, and continuing contact with the parent unless the Court finds, after a hearing, that parenting time would endanger the Children's physical, mental, moral, or emotional health." The court accordingly devised a parenting plan ("Parenting Plan") composed of several stages, in which Mother's parenting time would increase as Mother completed the Order's testing and treatment orders. The court explained the FACT Court would monitor Mother's compliance, "enter orders allowing [Mother] to move between STAGES during [Mother's] participation in FACT Court," and "implement those parenting time STAGES established pursuant to this Order when [Mother] successfully participates in FACT Court."

¶7        The superior court also granted Father's request for attorneys' fees, finding Mother acted unreasonably in the litigation pursuant to A.R.S. § 25-324. It awarded Father 75% of his attorneys' fees and costs incurred after the February 2015 mediation. Mother later objected to the fees request, requesting that any award be limited to the specific fees incurred in responding to the issues on which the court found Mother had taken unreasonable positions. She also contended the court should recognize that the February 2013 settlement agreement was set aside by stipulation and that Mother attempted to settle in November 2015. The court implicitly

denied Mother's objection by ordering Mother to pay Father the full amount he requested of $118,000 on or before January 15, 2017, after which interest would begin to accrue at the rate of 4.25% on all outstanding judgments until paid in full.

**¶8**         Father timely filed a motion for new trial, which the superior court denied.

**¶9**         Father and Mother timely appealed and cross-appealed.[3] We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2), (5)(a). *See Natale v. Natale*, 234 Ariz. 507, 511, ¶ 12 (App. 2014).

## DISCUSSION

**¶10**         In his opening brief on appeal, Father challenged the Parenting Plan, arguing that the stages and any modifications of legal decision-making and parenting time were not in the Children's best interests, impermissible under the law, and contrary to the court's finding that sole decision-making was presumptive under A.R.S. § 25-403.04. He also argued oversight of the modification orders by the FACT Court was an impermissible abdication of the superior court's responsibility to "exercise independent judgment" concerning the Children's best interests. However, in subsequent briefing in this Court, both parties advise that the superior court has now ended the FACT Court's involvement in parenting time in this case, and that the superior court judge currently assigned to the case has assumed more direct involvement in managing parenting time without requiring compliance with the graduated stages in the Parenting Plan. Therefore, Father's challenges to the Parenting Plan are now moot, and we accordingly do not address them. *See Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012) (stating this Court generally dismisses an appeal as moot "when our action as a reviewing court will have no effect on the parties"). As Mother notes, the only non-moot issue left for disposition in Father's appeal is his challenge to the court's judgment deferring interest on the award of attorneys' fees.

---

[3]         Although the superior court certified the Order as final pursuant to Arizona Rule of Family Law Procedure ("Rule") 81, the court did not enter a final judgment ordering fees until September 2, 2016, after Father and Mother had filed their notices of appeal and cross-appeal. The court then certified the fee order as a formal written order of the Court pursuant to Rule 81, and Mother and Father timely filed amended notices of appeal and cross-appeal.

**¶11** In her cross-appeal, Mother initially challenged the evidence supporting the superior court's orders for alcohol testing and treatment and argued the court abused its discretion by awarding Father his attorneys' fees. However, in her reply brief, Mother states that in light of current developments in the superior court, the only issue remaining in her cross-appeal is the reasonableness of the amount of fees awarded to Father.

I. Standard of Review

**¶12** We review the superior court's award of attorneys' fees for an abuse of discretion. *Clark v. Clark*, 239 Ariz. 281, 282, ¶ 6 (App. 2016). A court commits an abuse of discretion when it "commits an error of law in the process of reaching a discretionary conclusion." *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008). "We review questions of law de novo." *Id.*

II. Father's Appeal

**¶13** Father argues the superior court abused its discretion by suspending accrual of interest on the judgment for attorneys' fees. He argues the order deferring interest was erroneous as a matter of law.

**¶14** Under A.R.S. § 25-324(A), the superior court has the power to order a party to pay attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings . . . ." "[T]he propriety of a litigant's legal position [must] be evaluated by an objective standard of reasonableness." *Williams*, 219 Ariz. at 548, ¶ 10. The superior court has broad discretion in determining attorneys' fees. *Clark*, 239 Ariz. at 283, ¶ 8.

**¶15** Here, the superior court's order granting the attorneys' fees award in favor of Father was reduced to a final judgment, subject to appeal under A.R.S. § 12-2101(A)(1).

**¶16** The issue therefore is whether once the superior court enters a judgment for fees, that court has the power to defer interest on the judgment. The applicable statute, A.R.S. § 44-1201(B), provides that interest "shall be" paid "on any judgment" and does not allow for any exception. Further, a judgment must "state the applicable interest rate and it shall not change after it is entered." A.R.S. § 44-1201(B). Consistent with the statute, this Court has held a spouse was entitled to receive interest on the principal balance from the date of the original decree, finding it inequitable to do otherwise because "[i]n the absence of a provision for interest on the deferred amount, appellant is forced to make an interest-free loan to

5

appellee." *McCune v. McCune*, 120 Ariz. 402, 404 (App. 1978). Mother cites no legal authorities to the contrary. Instead, she contends that an attorneys' fees award is discretionary with the court, arguing the court's discretion extends to determining the date upon which such an award will begin to bear interest. But, A.R.S. § 44-1201 allows no such discretion; under that provision, once a judgment is entered for fees, interest begins to accrue.

**¶17**        Father cites several cases that apply A.R.S. § 44-1201(B) by awarding post-judgment interest on community assets awarded to a spouse. *See Koelsch v. Koelsch*, 148 Ariz. 176, 184 (1986); *Cockrill v. Cockrill*, 139 Ariz. 72, 75 (App. 1983); and *McCune*, 120 Ariz. at 404. Although Mother asserts these cases are inapplicable because they do not address a judgment for attorneys' fees, these cases are at least informative, if not directly on point. Section 44-1201(B) mandates that interest will accrue at designated rates "on any judgment," and a "judgment" may also include amounts awarded for attorneys' fees. A.R.S. § 44-1201(B); *Cuellar v. Vettorel*, 235 Ariz. 399, 403, ¶ 12 (App. 2014). Nothing in A.R.S. § 44-1201 indicates that it is inapplicable to a judgment for attorneys' fees. In absence of statutory language or any supporting authority, we will not read such meaning into the statute.

**¶18**        Here, the superior court ordered "that [Mother] shall pay [Father] the amount of $118,000 on or before January 15, 2017," and that "[a]fter that time, interest shall accrue at the rate of 4.25% on all outstanding amounts until paid in full." The award effectively and impermissibly required Father to make an interest-free loan to Mother, and we conclude the court abused its discretion in suspending accrual of interest on the award. The judgment is modified to provide interest on the attorneys' fee award at the rate of 4.25% commencing from the date the judgment was originally entered, September 7, 2016.

III.    Mother's Cross-Appeal

**¶19**        Mother argues the superior court abused its discretion in awarding Father fees unrelated to the unreasonable positions Mother took. She argues the court: (1) wrongfully based its award on Mother's "entering into a mediated stipulation in early 2015, but then failing to follow through with the agreed-upon course of action" when the parties agreed to set aside the stipulation; and (2) failed to delineate how each of Mother's unreasonable actions or positions led Father to incur any particular amount of attorneys' fees.

¶20 As an initial matter, we reject Mother's argument that, on this record, the superior court was required to delineate how each of Mother's unreasonable actions or positions led Father to incur any particular amount of attorneys' fees. A party may request the superior court to "make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions." A.R.S. § 25-324(A). The record does not reflect such a request by Mother. Section 25-324(A) does not require the superior court to specifically itemize the fees and costs incurred as Mother argues, *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 39 (App. 2011), and Mother provides no legal authority to support her argument.

¶21 We also find no abuse of discretion in the superior court's award of attorneys' fees to Father. Here, the superior court expressly "consider[ed] the financial resources of both parties and the reasonableness of [their] positions . . . throughout the proceedings" as required by A.R.S. § 25-324(A). Although Mother argues the court erred in basing its award on the parties' stipulation to set aside the February 2015 agreement, substantial evidence supports the court's remaining findings regarding Mother's unreasonable positions leading up to and including the evidentiary hearing. In addition to finding Mother acted unreasonably by entering a mediated stipulation in early 2015 but then failing to follow through with the agreed-upon course of action, the court found Mother acted unreasonably by failing to provide accurate information to the court-appointed experts; filing motions regarding Father's mental health and medical records before abandoning her position; and affirmatively misleading the court. At the evidentiary hearing, both the court-appointed expert and Mother's expert testified Mother had withheld or misrepresented information that would have been relevant to their assessments of Mother's substance-use issues. Mother was required as a term of her probation to participate in a June 2014 substance-abuse assessment by Sage counseling, but the court-appointed expert noted records from that assessment showed Mother did not divulge information that would have led Mother to fall into a high-risk group for treatment. Further, the expert noted in his reports that Mother denied statements she had made to him and which Mother's expert had reported she had made to him, and she denied explanations she had previously given with regards to TASC testing. Because "the trial court is in the best position to observe and assess the conduct of the parties before it," *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004), we cannot say that the court clearly erred it when it awarded Father 75% of his attorneys' fees and costs incurred after the February 2015 mediation.

IV.     Attorneys' Fees on Appeal

**¶22**      Both parties seek attorneys' fees pursuant to A.R.S. § 25-324 and Arizona Rule of Civil Appellate Procedure 21.  We decline to award fees to either party on appeal.

## CONCLUSION

**¶23**      For the foregoing reasons, we affirm the superior court's award of attorneys' fees as modified to provide that interest on the award begin to accrue as of the date the judgment was entered.



AMY M. WOOD • Clerk of the Court
FILED:  AA